## THE PEOPLE v. CARPENTER.

The district-attorney can bring suit against bail, at any time after the adjournment of the term, at which the recognizance was declared forfeited.

A bail bond need not state in what Court the defendant shall appear, as the law provides in what Court he shall be tried.

Sureties to a bail bond cannot avail themselves, in defence to an action thereon, of an insufficiency of the justification of the undertaking.

APPEAL from the District Court of the First Judicial District, County of Los Angeles.

This was an action in the Court below upon a forfeited recognizance. Alfred Shelly was indicted for manslaughter, and admitted to bail in the sum of twenty-five hundred dollars. On the trial of the cause he failed to appear.

The defendants, as sureties upon the undertaking, demurred to the complaint, for the following causes:

First, Because the suit was not ordered to be brought.

Second, Because the recognizance does not show in what Court the prisoner is bound to appear; and

Third, That the affidavit of the sureties, in their justification, was insufficient.

Demurrer sustained, from which the plaintiffs appealed.

*T. Sunderland and the Attorney-General*, for Appellants.

It is made the duty of the district-attorney, without order, to prosecute all recognizances forfeited in the District Court, or Court of Sessions. R. S., p. 574, § 7.

The recognizance is copied from section five hundred and twenty-three of the act to regulate proceedings in criminal cases. R. S., 489. It is to be presumed that the Legislature, in pre-

scribing a form of recognizance, have "substantially" complied with their own enactment. The law, which every man is bound to know, made the offence, of which the prisoner is charged, triable in the District Court, and that law was a part of the recognizance.

It has been so often held by this Court, that a bond or undertaking differing from that required by statute, was still good, as a common law bond, that it is deemed unnecessary to refer to any authorities upon that question.

The recognizance is itself in proper form, and the justification of the sureties cannot affect the validity of the undertaking itself.

No brief on file for Respondent.

MURRAY, C. J., after stating the facts, delivered the opinion of the Court—TERRY, J., and BURNETT, J., concurring.

The demurrer was frivolous, and should have been overruled. The five hundred and thirty-seventh section of the Criminal Code provides that the district-attorney may, at any time after the adjournment of the term of Court at which the recognizance is declared forfeited, proceed against the bail.

In answer to the second ground of demurrer, it may be remarked that it was unnecessary for the bond to set forth the particular Court in which it was the duty of the party to appear. The law has provided in what Court such offences are triable, and the law entered into and formed a part of the undertaking of the defendants.

If the justification of the sureties is insufficient, they cannot avail themselves of it, and it is wholly immaterial for the purpose of this action, whether there was any justification or not.

Judgment reversed, and cause remanded.