CHARLES LAMBERT, RESPONDENT, *v.* E. B. MOORE, APPELLANT.

Under the laws of Nevada an appeal from the Probate to the District Court could only be taken by filing a written notice of appeal with the Clerk and serving a copy on respondent.

If when an appeal is taken, or claimed to have been taken, from a Probate to a District Court, and decided on its merits in the District Court and then appealed to this Court, the party who was appellant both in the District Court and this Court, relies only on the minutes of the District Court to show that he took the necessary steps to appeal the case from the Probate Court; those minutes must at least show the facts with certainty and precision, or this Court will not hold that the jurisdiction of the District Court is shown.

Lambert *v.* Moore.

A notice of appeal given orally to respondents, even if given in open Court and entered on the minutes of the Court, is not sufficient to make an appeal and dispense with the filing of a written notice.

The filing and serving of a written notice of appeal must be followed by the filing of a proper undertaking, or the deposit in lieu thereof within five days, or the notice becomes inoperative and a nullity.

APPEAL from the Fourth Judicial District of the State of Nevada, Washoe County, Hon. C. C. GOODWIN presiding.

This was an action of ejectment, where the judgment was for the plaintiff.

The facts of the case are not deemed material to be stated, because the Court having concluded that the District Court never had jurisdiction of the appeal, went into no investigation of the case, nor consideration of the various legal propositions connected therewith, except those points in regard to the taking of the appeal.

*R. M. Clark* and *Thos. Wells*, Counsel for Appellant.

*North & Harris*, for Respondent.

The opinion of the Court was rendered by BEATTY, J., BROSNAN, J., concurring.

Chief Justice LEWIS did not sit in this case, for the reason that he was counsel in the Court below.

This was an action brought in the Probate Court of Washoe County, for the recovery of a certain piece of land. The cause was tried in that Court and judgment rendered in favor of respondent on the 11th day of November, 1864, for restitution of the premises described in his complaint.

It appears from the minutes of the Court that upon the announcement of the judgment of the Court, the appellant gave notice of appeal, and procured an order to be made staying proceedings for ten days, that he might make his statement on appeal.

On the 19th a bond on appeal to the District Court was executed and filed.

On the 26th a statement on appeal was filed.

When the case came on for hearing in the District Court, the counsel for respondent moved to dismiss the appeal. Upon what ground this motion was based or urged is not disclosed by the record.

The Court overruled the motion to dismiss, but decided the case upon its merits in favor of respondent.

In the argument in this Court, respondent urges the point that there was no appeal from the Probate Court to the District Court; that the District Court had no jurisdiction of the case, and should have dismissed the appeal on motion. This view of the case is based on two clauses of the Practice Act. Section 275, which relates to appeals in general, is in these words: " The appeal shall be made by filing with the Clerk of the Court, with whom the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a copy of the notice upon the adverse party or his attorney."

There is no written notice of appeal shown to exist, by the transcript; there is no attempt by affidavit or otherwise to show the loss of such a paper. The appellant relies simply upon a recital in the minutes of the Court, that such a notice had been given. Admitting, for the argument, that the minutes of the Court, if they clearly recited the facts of the filing, service, etc., of notice of appeal, would dispense with the necessity of producing a copy of the notice, evidence of its service, etc., let us see what these minutes do show. The language is as follows :

" Defendant's counsel gave notice of appeal, and it was ordered that proceedings be stayed for ten days, to enable defendant's counsel to make a statement."

This recital, with the most liberal construction, could hardly be made to convey the idea that defendant's counsel had filed a written notice of appeal with the Clerk, and served a copy thereof on the adverse party, as he was by law required to do, in order to make an appeal.

There is a total absence of even an intimation that such notice, if given, had been served on the opposite party. But the conclusion we come to from the reading of these minutes, is, that the defendant, on the rendition of judgment, announced

in open Court his intention to appeal, and based upon that announcement a request for stay of proceedings..

This would certainly be a proper practice. The intention expressed by counsel would be a sufficient ground to induce a Court under ordinary circumstances to grant a reasonable stay of proceedings.

This announcement of intention is probably the notice of appeal alluded to in the minutes. Such an announcement, however fully entered in the minutes, and although made in the presence of the opposite party (which is not affirmatively shown in this case), would not be a compliance with section 275 of the Practice Act, and would not make an appeal.

In addition to the defective *notice* of appeal, there is another fatal defect in this case.

Section 286 of Practice Act is in these words: " To render an appeal effectual for any purpose, in any case, a written undertaking shall be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, not exceeding three hundred dollars; or that sum shall be deposited with the Clerk with whom the judgment or order was entered, to abide the event of the appeal. Such undertaking shall be filed or such deposit made with the Clerk within five days after the notice of appeal is filed."

Now, if the minutes of the Court show a notice of appeal was so given as to make an appeal, it must have been given at or before the time of making the minutes referred to. These were made on the 11th of November. The bond on an appeal was not filed until the 19th of November, or more than five days after the notice. The language of this section is explicit, and it has been held in California, under the section of their Act, from which ours is copied, that if more than five days intervened between the notice and bond or undertaking, the whole proceeding is void, and no appeal is perfected.

We hold, then, that there never was an appeal perfected from the Probate Court to the District Court. The judgment of the Probate Court stood just as if there never had been any attempt to appeal. Execution may issue on that judgment as on any other judgment of the Probate Court.

The District Court never had jurisdiction of the case as an appellate Court, and consequently this Court has none. The cause will be stricken from the calendar and no judgment entered herein.