[No. 1489.]

THE STATE OF NEVADA, RESPONDENT, v. CHARLES MURPHY, JOHN CHIATOVICH AND WILLIAM A. INGALLS, APPELLANTS.

CRIMINAL LAW—COURTS JUDICIALLY KNOW WHISKY TO BE A SPIRITUOUS LIQUOR—STATUTE COMPLIED WITH.—The designation of an offense in a complaint and recognizance as "selling whisky to an Indian" sufficiently complies with the statute which makes it an offense to "sell, barter, give or in any way dispose of any spirituous or malt liquor, wine or cider of any description to an Indian within this state" (Stats. 1887, 37), it being within the judicial knowledge of courts that whisky is a spirituous liquor.

STATUTE OF LIMITATIONS—BAIL BOND, AN INSTRUMENT IN WRITING—ACTION ON BARRED IN SIX YEARS.—An action upon a bail bond is an action upon an obligation founded upon an instrument in writing, and is not an action upon a statute for a forfeiture or penalty to the state which must be commenced within two years after the right of action has accrued.   The right of action is, therefore, barred by the six-year clause of our statute.

RECOGNIZANCE—BAIL BOND—TIME—PLACE AND COURT, FIXED BY LAW.—A contention that a recognizance is void for the reason that no time, place or court is named therein is not tenable, as the law designates the time, place and court in which the defendant must appear and surrender himself in execution of the judgment.

FILING OF RECOGNIZANCE—RECORD OF COURT.—Where the transcript on appeal shows that the recognizance was made a record by order of the court, and the complaint avers that it was filed, a contention that the recognizance is void, for the reason that it was never filed or became a record in the cause or court, is not tenable.

CRIMINAL LAW—PRACTICE—RECOGNIZANCE OR BAIL BOND, HOW AND WHEN FORFEITED.—Section 523 of the criminal practice act (Gen. Stats. 4403) provides when and in what manner a forfeiture of a recognizance shall be taken. It provides that "if, without sufficient excuse, the defendant neglect to appear for arraignment, or for trial or judgment, or upon any other occasion, when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court shall direct the fact to be entered upon its minutes, and the recognizance * * * shall thereupon be declared forfeited." This provision of the statute is mandatory. It does not require that the record must show that the defendant was called, neither is it necessary thereunder that the defendant should be called.

IDEM—DEFECTIVE RECORD—FORFEITURE OF BAIL BOND.—A record reading as follows: "Now, on motion of the district attorney, it is ordered that the bonds of Charles Murphy be and they are hereby declared forfeited," is fatally defective in not showing the fact that the defendant neglected to appear upon some one of the occasions designated in said section 523 of the criminal practice act.

IDEM—PRACTICE—STAY OF EXECUTION—RECOGNIZANCE GIVEN BEFORE APPEAL TAKEN.—The trial court has no authority to make an order staying the execution of a judgment of imprisonment, and no authority to release or order the release of a defendant, under recognizance, or otherwise, after judgment of imprisonment has been rendered against him, except after an appeal therefrom has been taken, and any recognizance given for that purpose at such a time is void.

IDEM—APPEAL—STAY OF EXECUTION.—An appeal from a judgment of imprisonment does not operate as a stay of execution thereof, and the defendant, if in custody, must so continue, unless admitted to bail.

APPEAL from the District Court of the State of Nevada, Esmeralda county; *C. E. Mack*, District Judge:

Action by the State against Charles Murphy, John Chiatovich and William A. Ingalls on a recognizance of bail forfeited by Murphy. From a judgment in favor of plaintiff, defendants Chiatovich and Ingalls appeal. Reversed.

Action on a bail bond in the following words: "In the District Court of the State of Nevada, in and for the County of Esmeralda. *The State of Nevada, Plaintiff* v. *Charles Murphy, Defendant.* An indictment having been found in the above-named court on the —— day of ——, 1891, and

filed in the above-named court, charging the defendant above named with the crime of selling whisky to an Indian, and thereafter, he, the above-named defendant, was presented to said court, and entered his plea of not guilty of said offense charged in said indictment, and thereafter a jury was regularly impaneled, and the trial of said issue was had on the —— day of June, 1891. Said jury impaneled as aforesaid returned a verdict of guilty of the offense charged in the indictment and as therein charged, and, whereas, the judgment of said court was regularly pronounced upon defendant, and a judgment of imprisonment was given, and the said defendant desiring to appeal said cause to the supreme court of the state of Nevada, and an order having been heretofore made admitting said defendant to bail in the sum of $3,000: Therefore, know all men by these presents, that we, Charles Murphy, defendant above named as principal, and John Chiatovich and W. A. Ingalls as sureties, are jointly, severally and firmly held to the state of Nevada, in the penal sum of $3,000. Sealed with our own seals and dated this 1st day of July, 1891. The condition of the above obligation is such that, whereas, the said defendant and principal herein has been indicted, convicted and the judgment of imprisonment given as aforesaid, and said defendant is about to appeal said cause as aforesaid, that the said defendant will surrender himself in execution of the judgment so as aforesaid entered upon its being affirmed, modified, or upon appeal being dismissed, and that defendant herein and principal will in all respects abide the order and judgment of the appellate court upon the appeal. Charles Murphy. In the sum of $3,000: John Chiatovich (Seal). In the sum of $3,000: W. A. Ingalls (Seal). [Here follows the qualifications of the sureties.] Endorsed: (after the entitlement of the court and cause) Bail Bond on Appeal. Approved this 3d day of July, 1891, and filed as a record of said court and cause. Richard Rising, district judge, presiding."

The additional facts appear in the opinion.

*M. A. Murphy, Reddy, Campbell & Metson,* for Appellants:
I. This action, being founded on a liability created by

statute, is a statutory proceeding, and the plaintiff wishing to avail itself of the statutory privilege, or right given by particular facts, it must show the facts; those facts which the statute requires as the foundation of the right must be stated in the complaint. (*Rhoda* v. *Alameda Co.*, 52 Cal. 352; *Dye* v. *Dye*, 11 Cal. 168.)

II. The court erred in overruling the demurrer to the complaint. The complaint alleges that "the defendant, Charles Murphy, was found guilty of selling whisky to an Indian, and upon such conviction was sentenced to two years in the state prison." The plaintiff cannot prevail in this action, by reason of the fact that there is no such offense known to the state of Nevada as that of selling whisky to an Indian. The crime intended to be charged is to be found on page 37, Statutes of 1887, and the word "whisky" is not mentioned in the act.

III. The complaint must allege, and the recognizance must state, the offense for which the accused is held. We do not claim that either one must state the circumstances under which the offense was committed, or need it state all the facts necessary to constitute the offense, but it must describe the charge accurately and with reasonable certainty; the mere words "selling whisky to an Indian" is not the statement of a cause of action, or the designation of any offense known to our laws. (*Hunt* v. *State*, 34 S. W. 750; *Couch* v. *State*, 34 S. W. 942; *Draughan* v. *State*, 35 S. W. 667; *Shoomaker* v. *State*, 35 S. W. 969; *Leach* v. *State*, 34 S. W. 124; *Whitehead* v. *State*, 34 S. W. 115; *State* v. *Jones*, 3 La. Ann. 15; *Foster et al.* v. *State*, 27 Tex. 336; *Baixey* v. *State*, 30 S. W. 358; *Loven* v. *State*, 30 S. W. 358; *West* v. *Commonwealth*, 3 J. J. Marshall's Rep. 641.)

IV. The recognizance or complaint does not state any public offense for which Murphy could be legally tried and convicted, and the recognizance is therefore void. (*Com.* v. *Daggett*, 16 Mass. 446; *Nicholson* v. *State*, 2 Ga. 363; *Waters et al.* v. *People*, 35 Pac. 56; *People* v. *Sloper*, 1 Idaho, 158.)

V. The recognizance does not conform to sections 4384 or 4391, Gen. Stats., or is it a substantial compliance with said sections. It has never been filed or become a record in said cause or court. The mere indorsement on the recognizance

by the judge, of the words " approved this 8th day of July, 1891, and filed as a record of said court and cause," without the signature of the clerk of the court, does not make a record of the court, and the signature of the judge is merely evidence of the fact that the recognizance has been approved by him. A recognizance derives its validity and effect from the fact that it is a judicial record, must be filed or recorded; it then becomes an obligation of record. (*People* v. *Kane*, 4 Denio, 535.)

VI. It is also defective in not mentioning any court, time or place for Murphy to appear and deliver himself to the custody of the court or officer thereof. (*Williams et al.* v. *State*, 12 Tex. 169; *State* v. *Stephens*, 2 Swan. (Tenn.) 308; *State* v. *The Meltons*, Busbee's N. C. 426; *State* v. *Houston*, 74 N. C. 174; *Wilson* v. *State*, 7 Tex. 38.)

VII. Neither the court or any officer thereof was authorized to take bail at the time, or in the manner of its taking, by reason of the fact that the statute in no instance provides for the taking of bail after conviction and before an appeal is taken.

VIII. The recognizance under consideration was taken without authority of law. The judgment was not arrested or a new trial granted. Judgment had been pronounced, and the court had no power to stay the execution of the judgment until after the appeal had been taken. No notice of appeal had ever been served on the clerk of the court or the district attorney, and it was the duty of the district attorney to have called the attention of the judge to the fact that no appeal had been taken. The recognizance was therefore taken when the court had no authority to act; and when taken by the judge or court without jurisdiction, or by any officer without authority, it is utterly void, and no subsequent act of the court or officer can validate it. (*State* v. *Clark et al.*, 15 Ohio, 595; *Powell* v. *State*, 15 Ohio, 580; *Deer Lodge County* v. *At*, 3 Mont. 171; *State* v. *Winnenger*, 81 Ind. 53; *Griffin* v. *State*, 48 Ind. 258; *Williams* v. *Shelby*, 2 Or. 144; *Dickinson et al.* v. *State*, 29 N. W. Rep. 184; *Bridge* v. *Ford*, 4 Mass. 641; *Com.* v. *Loveridge*, 11 Mass. 336; *People* v. *Koeber*, 7 Hill. 39; *Solomon* v. *People*, 15 Ill. 291; *Gachenheimer* v. *State*, 28 Ind. 91; *Blackman* v. *State*, 12 Ind. 556.)

IX. To be valid a recognizance must be authorized, and must be taken in the mode prescribed by law. If a justice of the peace, judge or court assumes, without jurisdiction, to admit a prisoner to bail, or if, though authorized to admit to to bail, he exceeds his powers, or fails to comply with the requirements of law, the bond or recognizance is void, and neither the accused or sureties are liable thereon. It has no force or effect whatever. (*Com.* v. *Loveridge*, 11 Mass. 336; *State* v. *McCoy*, 57 Tenn. 111; *Com.* v. *Fisher*, 2 Duvall's Ky. 376; *Dickenson* v. *State*, 20 Neb. 72; *State* v. *Kruise*, 32 N. J. Law, 313; *Bramham* v. *Com.*, 2 Bush. Ky. 3; *State* v. *Nelson*, 28 Mo. 13; *Copper* v. *State*, 23 Ark. 278; *State* v. *Berry*, 8 Greenl. Me. 179; *Powell* v. *State*, 15 Ohio, 579; *Solomon* v. *State*, 15 Ill. 291; *Williams* v. *Shelby*, 2 Or. 144.)

X. It is essential to the breach of the condition upon which the forfeiture is to arise that the party who is recognized to appear should be solemnly called before his default is entered, at the time and place, when and where he was bound to appear, and it must appear upon the record of the court that he was called and failed to answer; and it must be plead and set forth in the complaint. It is not sufficient to aver and prove, aliunde, that the cognizor had in fact absconded, and did not intend to appear, and could not appear if he had been called; such evidence is not admissible to establish the fact of calling; it must be established by the record. (*Dillingham* v. *U. S.*, 2 Wash. 427; *State* v. *Chesley*, 4 N. H. 363; *Park* v. *State*, 4 Ga. 329; *Brown* v. *People*, 24 Ill. App. 74; *U. S.* v. *Rundlett*, 2 Curtis R. 45; *Bicknell's* Crim. Prac. 63; *Urton* v. *State*, 37 Ind. 339; *Grigsly* v. *State*, 3 Yerger's R. Tenn. 280; 1 Chitty, Crim. Law, 106; *Lingley* v. *State*, 1 Blatchf. 559; *White* v. *State*, 5 Yerger's R. Tenn. 183; *Com.* v. *Downey*, 9 Mass. 520.)

XI. This action cannot be maintained by plaintiff by reason of the fact that it is barred by the statute of limitations (Gen. Stats. 3644, 3648). The fourth paragraph of the fourth subdivision of section 3644 reads as follows: "An action upon a statute for a forfeiture or penalty to the state." (*Johnson* v. *Eskins*, 9 Tex. 1; *Williams* v. *Shelby*, 2 Or. 145; *County Commissioners* v. *Slyck et al.*, 52 Kan. 622;

*Commissioners* v. *Pogg*, 31 Kan. 767; *Roe* v. *Commissioners*, 40 Pac. 1082.)

*Geo. S. Green*, District Attorney, and *James R. Judge*, Attorney-General, for Respondent:

I. A judgment of a court of competent jurisdiction, until reversed or in some manner set aside and annulled, cannot be attacked collaterally by evidence tending to show that it was irregularly or improperly obtained, and especially is this true as to strangers to the particular action or proceeding in which the judgment was rendered. (*Atkinson* v. *Allen*, 12 Vt. 619; *Eureka Iron Works* v. *Bresnahan*, 32 N. W. Rep. 834; *Vose* v. *Morton*, 50 Am. Dec. 750; *Rollins* v. *Henry*, 78 N. C. 342.)

II. Appellants contend that the judgment from which the appeal herein is taken is against law, for the reason that the cause of action is barred by the statute of limitations of the state of Nevada. We are unable to agree with counsel on this point. Section 3644, Gen. Stats., provides: "Actions, other than those for the recovery of real property, can only be commenced as follows: Within six years: First—An action upon a judgment or decree of any court of the United States, or of any state or territory of the United States. Second—An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding section." Clearly the bond here sued on is an obligation and designated in the subdivision of section 3644 above quoted, entered into by appellants with the state of Nevada, for the payment to it of the amount therein named, to wit: $3,000 in case the conditions therein provided to be performed on the part of the principal Murphy are not complied with, and being so, the judgment of the lower court is in all respects correct. (*Placer Co.* v. *Dickinson*, 45 Cal. 12; *Clark* v. *Smith et al.*, 66 Cal. 645.)

By the Court, MASSEY, J.:

The respondent recovered a judgment against the appellants, Chiatovich and Ingalls, for $3,000, upon a forfeited recognizance, on the 21st day of December, 1896, in the district court of the first judicial district, state of Nevada, in

and for Esmeralda county. From that judgment an appeal has been taken. A number of errors have been assigned, based upon the rulings of the lower court, nearly all of which involve the construction of the criminal practice act, relating to the taking and forfeiture of bail thereunder.

The complaint avers that one Charles Murphy was tried and convicted of the crime of " selling whisky to an Indian," in said district court, on the 23d day of June, 1891, and a judgment of imprisonment in the state prison for a term of two years was rendered against him therefor; that thereupon the said Murphy, expressing his intention to appeal from said judgment, moved the court for a stay of execution thereof and to admit him to bail; that the court granted a stay of execution of the said judgment for ten days, and ordered that he be admitted to bail in the sum of $3,000; that on the 3d day of July, 1891, the appellants made and delivered, and caused the same to be filed in said district court, the recognizance sued on, whereupon the said Murphy was released from custody; that at no time had the said Murphy obtained an order on appeal, or otherwise in any manner affecting said judgment; that the said Murphy had not surrendered himself to the custody of the said court or the officers thereof; that on the 7th day of December, 1891, said court had duly made and entered an order declaring said bail forfeited, and that the same had not been paid.

A copy of the recognizance is attached to the complaint and made a part thereof, and recites the trial and conviction of said Murphy of the crime of " selling whisky to an Indian," and the judgment of imprisonment therefor; that the said Murphy had, before the making thereof, been ordered admitted to bail. It is conditioned that, as the said defendant is about to appeal said cause, he will surrender himself in execution of the judgment, upon its being affirmed, modified, or upon appeal being dismissed, and that he will in all respects abide the order and judgment of the appellate court. The recognizance was, in part, endorsed: "Approved this 3d day of July, 1891, and filed as a record of said court and cause. Richard Rising, district judge, presiding."

The errors assigned, which will be considered by this court,

arise from the rulings of the district court on the demurrers to the complaint and answer.

Appellants contend that the complaint shows that Murphy was indicted, tried and convicted of an offense unknown to the laws of this state—that the designation of the offense in the complaint and recognizance as " selling whisky to an Indian" is not a statement of a cause of action or a designation of any offense punishable under our laws, therefore no cause of action exists or is averred and the recognizance is void. We cannot so hold.

Under the provisions of a statute of this state, in force at the time of the trial and conviction of the defendant, it was an offense to " sell, barter, give, or in any manner dispose of any spirituous or malt liquors, wine or cider of any description to an Indian within this state." (Stats. 1887, 37.) By direct terms it was an offense to " sell spirituous liquor to an Indian." It is well settled that courts will take judicial notice of the meaning of words which, from continuous use, have acquired a definite signification generally, if not universally, known. (*Alder* v. *State*, 55 Ala. 16; *Watson* v. *State*, 55 Ala. 158; *Schlicht* v. *State*, 56 Ind. 173.) The courts judicially know that whisky is a spirituous liquor. Section 504, criminal practice act (Gen. Stats. 4384), gives substantially the form of recognizance required, and this court, in *State* v. *Birchim*, discussing the same question, say that " section 4968 of the laws of Iowa contains a form for recognizances similar to our section 504. It was held in the *State* v. *Marshall*, 21 Iowa, 143, where the principal was held to answer upon a charge of seduction, that the use of the word ' seduction' in a bail bond was a sufficient compliance with the requirement of the statute to 'state briefly the nature of the offense.' The word ' nature ' is defined by Webster as meaning ' sort, kind, character or species,' and we think this is the sense in which it is here used." (*State* v. *Birchim*, 9 Nev. 100.)

In the case at bar, the requirements of the statute are sufficiently complied with in briefly stating the nature of the offense as " selling whisky to an Indian," and the averments of the complaint to the same effect are also sufficient.

It is further contended that the complaint shows that the

right of action is barred by the statute of limitations, under the provisions of the clause therein requiring actions upon a statute for a forfeiture or penalty to the state to be commenced within two years after the right of action has accrued. Counsel for appellants have exhaustively and ably argued this question, but we cannot so hold. This is an action upon an obligation founded upon an instrument in writing, and the right of action thereon is barred by the six-year clause of our statute. (Gen. Stats. 3644.)

It is true that the obligation is authorized by statute, that it provides a penalty for its violation, and the right of action arises only upon a forfeiture thereof, yet without and apart from the written obligation, there is and could be no liability whatever on the part of the appellants. Their liability is founded upon and fixed by the obligation and, as upon other obligations, the right of the state to sue arises under a breach thereof. Counsel for the appellants cite *Ryus* v. *Gruble*, 31 Kan. 767, and *Commissioners* v. *Van Slyck*, 52 Kan. 625, in support of their contention.

These causes involve the same question, and a careful examination clearly shows wherein they are distinguishable from the case at bar. The case of *Ryus* v. *Gruble, supra,* was an action upon a sheriff's bond. The alleged breach of duty, under which the sureties upon his bond became liable, was the levy of a void execution upon certain property, and making a sale thereunder. Under the Kansas statute action for this wrong was barred after two years, but it was there contended that the action being upon the sheriff's bond, it was not barred until five years had elapsed. The supreme court of Kansas, in passing upon this question, very correctly held that the wrongs committed by the sheriff in making the levy and sale were the real and substantial foundation of the plaintiff's cause of action, and that the bond was only a collateral security for the enforcement of such cause of action. The bond did not give the cause of action; the wrongs did. That court announces the same rule in *Commissioners* v. *Van Slyck, supra.*

In the case at bar, the real and substantial foundation of the respondent's cause of action is the written obligation,

and without that obligation no cause of action exists, and could not be maintained against the appellants.

It is further contended, on behalf of appellants, that the complaint is not sufficient and the recognizance is void for the reason that no time, place or court is named therein, in which the defendant is required to appear.

This contention is not tenable. Section 502 of the criminal practice act provides that after conviction, and upon an appeal, the defendant may be admitted to bail.  *  *  * " Second—If judgment of imprisonment have been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed." (Gen. Stats. 4382.) Section 515 of the same act provides that the further conditions of the recognizance shall be to the effect that the defendant will, in all respects, abide the order and judgment of the appellate court upon the appeal. (Gen. Stats. 4395.) The recognizance is conditioned in nearly the exact language of the law, and the law designates the time, place and court in which the defendant must appear and surrender himself in execution of the judgment. See, also, sections 4368 to 4374 inclusive, Gen. Stats.; *People* v. *Carpenter*, 7 Cal. 402.

It is also argued that the recognizance is void for the reason that it was never filed or became a record of said cause or court. The complaint avers that it was filed. This averment was sufficient. (*U. S.* v. *Eldredge*, 5 Utah, 161.) It was made a record by the order of the court. (Trans., p. 28.)

Two important questions are presented by the ruling of the district court whereby the respondent's demurrer to the answer to the second amended complaint was sustained. The answer, among other things, alleges that, at the time the order was made staying the execution of the judgment, no appeal had been taken from the judgment, and no appeal therefrom was pending; that at the time said recognizance was delivered, approved and accepted, no appeal was pending from said judgment, and no appeal therefrom has ever been taken. It further alleges that the defendant was never notified or requested to appear in said district court, on the 7th day of December, 1891, or at any other time; that he was never called at the court house door, or at any other

place, to appear in said court. It also affirmatively alleges that the only record made of the forfeiture of the recognizance was as follows: "Now, on motion of the district attorney, it is ordered that the bonds of Charles Murphy be and they are hereby declared forfeited."

It is contended on behalf of the appellants that, before the recognizance could legally be declared forfeited, the defendant should have been called at the court house door, and the record of the proceedings should so show. This position cannot be sustained. Section 523 of the criminal practice act provides when and in what manner such forfeitures shall be taken. It provides that if, without sufficient excuse, the defendant neglect to appear for arraignment, or for trial or judgment, or upon any other occasion, when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court shall direct the fact to be entered upon its minutes, and the recognizance shall therefore be declared forfeited. (Gen. Stats. 4403.)

This provision of the statute is mandatory. It does not require that the record show that the defendant was called, neither is it necessary thereunder that the defendant should be called.

If the averments of the answer are true, and they must be so considered for the purpose of the demurrer, then it was error for the district court to hold the same insufficient, as it affirmatively is shown thereby that the only record of forfeiture made by the district court is the one above set out, and that record is fatally defective in not showing the fact that the defendant neglected to appear upon some one of the occasions designated in said section 523.

It is further contended, on the part of the appellants, that the averments of the said answer that, at the time of the entry of the order staying the execution of the said judgment, no appeal therefrom had been taken or was pending, and that, at the time of the delivery, acceptance and approval of the recognizance, no appeal had been taken from said judgment or was pending therefrom, and that no appeal had ever been taken from the same, were a complete defense to the action, and that it was error of the district court in holding otherwise.

In brief, the contention is, that the trial court had no
authority to make an order staying the execution of a judg-
ment of imprisonment and no authority to release or order
the release of a defendant, under recognizance, or otherwise,
after judgment of imprisonment had been rendered against
him, except after an appeal therefrom had been taken, and,
therefore, any recognizance given for that purpose and at
such time is void.

This contention also involves a construction of our crimi-
nal practice act and must be sustained.

Section 451 of the criminal practice act provides that,
" when a judgment has been pronounced, a certified copy
of the entry thereof in the minutes shall be forthwith fur-
nished the officer whose duty it is to execute the judgment,
and no other warrant or authority is necessary to justify or
require the execution thereof, except when judgment of death
is rendered." (Gen. Stats. 4331.)

Section 453 of the same act expressly provides that, if the
judgment be imprisonment, the defendant shall forthwith be
committed to the custody of the proper officer, and by him
detained until the judgment be complied with. (Gen. Stats.
4333.) We are unable to find any other provisions of the
law bearing directly upon the time and manner of enforcing
the judgment of the district court in cases of this character,
or in any manner modifying the same, excepting such pro-
visions as direct the enforcement of such judgment by order
of the appellate court on appeal. No discretion is reposed
in the district court as to the time its judgment shall become
operative and enforcible, and any order thereof in contra-
vention of the direct provisions of the statute above cited is
without authority and void, and the release of the defendant,
with or without bond, pursuant to such order is unwarranted,
and any bond, recognizance or bail given for such release for
the purpose of such order is without authority and void. ·

If the recognizance was given for the purpose of appeal,
as it evidently was, then, under the averments of the answer,
would it be void? We must so hold.

Briefly, the provisions of the criminal practice act permit
an appeal by the defendant in a criminal action to the
supreme court from a final judgment of the district court

within three months after the judgment is rendered, by the service of notice on the clerk of the court and the district attorney stating, in effect, that the appellant appeals therefrom.   (Gen. Stats. 4349–4356.)

It is also provided that, upon the appeal being taken, the clerk with whom the notice of appeal is filed must, within ten days thereafter, without charge, prepare and transmit to the clerk of the supreme court a copy of such notice and of the record of such action.   (Stats. 1889, 24.)

Section 479 of the criminal practice act provides that no appeal from a judgment of conviction, unless it be one imposing a fine only, shall stay the execution of the judgment, but the defendant, if in custody, shall remain in custody, unless admitted to bail as prescribed in section 502.   (Gen. Stats. 4359.)

Section 500 of the same act provides that, after conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail.   (Gen. Stats. 4380.)

It is very clear, from these statutes, that an appeal from a judgment of imprisonment would not operate as a stay of the execution thereof, and the defendant, if in custody, must so continue unless admitted to bail.

In the case at bar, the complaint avers that the defendant was released from custody upon the execution and acceptance of the bail bond.   The court had no right, no authority and no power to order a stay of execution of the judgment of imprisonment for any length of time; nor had it any authority to release the defendant from custody, under bail, until he had appealed.

An appeal is taken by the service of the notice required in section 4354 above cited.   (*Lambert* v. *Moore*, 1 Nev. 344.)

It is well settled that bail, taken in criminal action, to be valid, must be authorized by law.   (*Dickinson* v. *State*, 20 Neb. 72; *Powell* v. *State*, 15 Ohio, 579; *State* v. *Clarke*, 15 Ohio, 595; *Williams* v. *Shelby*, 2 Or. 144; *State* v. *Winnenger*, 81 Ind. 53; *Harris* v. *Simpson*, 14 Am. Dec. 101.)

For these reasons the court erred in sustaining respondent's demurrer to the appellants' answer to the amended complaint.   The judgment will be reversed, and cause remanded for further proceedings in accordance with this opinion.