THE STATE OF NEVADA, Appellant, *v.* AMERICAN BANKERS INSURANCE COMPANY, and CAM'S BAIL BONDS, Sureties for LISA SALINAS, aka LISA DENISE TUBBS, Respondents.

No. 19765

November 27, 1989                    782 P.2d 1316

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *Mitchell M. Cohen,* Deputy District Attorney, Clark County, for Appellant.

*H. Dale Murphy,* Reno, for Respondents.

## OPINION

*Per Curiam:*

The sole question presented by this appeal is whether the statute of limitations for actions pursuant to NRS 178.506 *et seq.* to enforce bail bond forfeitures is the six-year period for actions founded upon written instruments stated in NRS 11.190(1)(b) or the two-year period for actions upon a statute to enforce forfeitures stated in NRS 11.190(4)(b).

### FACTS

Appellant State of Nevada (State) brings this appeal in order to establish its right to enforce a bail bond executed by the respondents, American Bankers Insurance Co. (American) and Cam's Bail Bonds (Cam's) (collectively, the sureties). On May 2, 1985, Cam's posted bail bond number AB5-019755 in the amount of $5,000. The bond was for Lisa Salinas (Salinas) who had been charged with sale of a controlled substance. The appearance bond recites Cam's as the principal and American as the surety. On October 2, 1985, Salinas failed to appear at a scheduled criminal proceeding and the court issued a bench warrant for her arrest. On October 7, 1985, notices of intent to forfeit the bail bond were mailed to both of the sureties. Ninety days later, on January 6, 1986, the bond was automatically forfeited pursuant to the terms of the court's notices and the provisions of NRS 178.508.

On November 16, 1987, the State moved to dismiss the case

because it could not locate a confidential informant. Only on January 25, 1988, did the State file its motion pursuant to NRS 178.514 to enforce the forfeiture by obtaining a judgment on the bond. The sureties filed an opposition to the State's motion. In the opposition, the sureties contended that the State's motion for enforcement was barred by the two-year statute of limitations governing forfeitures contained at NRS 11.190(4)(b). The State filed a reply, contending that the applicable statute of limitations period on bail forfeiture proceedings was the six-year statute for actions based upon written contracts and obligations contained at NRS 11.190(1)(b). Although the district court admitted it had not considered the matter thoroughly, the court concluded that NRS 11.190(4)(b)'s two-year period of limitations governs bail forfeiture actions. The court accordingly denied the State's motion for judgment on the surety bond and exonerated the bond since the two-year period of limitations had run by the time the State filed its motion to enforce the forfeiture.[1] The State appeals the district court's order.

## LEGAL DISCUSSION

NRS 11.190 provides in pertinent part:

11.190 Periods of limitation. Actions other than those for the recovery of real property, unless further limited by specific statute, can only be commenced as follows:
1. Within 6 years:

. . . .

(b) An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter. . . .

. . . .

. . . .

4. Within 2 years:

. . . .

(b) An action upon a statute for a penalty or forfeiture, where the action is given to a person or the state, or both, except when the statute imposing it prescribes a different limitation.

---

[1]Although we do not now decide exactly when a cause of action for enforcement of a bail bond forfeiture accrues, it is clear that the State filed its motion more than two years after the cause of action accrued in this case. Salinas failed to appear in court on October 2, 1985. For reasons stated above, the bond was automatically forfeited on January 6, 1986. Assuming the cause of action to enforce the forfeiture arose on the date Salinas failed to appear, the State's January 25, 1988, motion to enforce the forfeiture was filed more than two years after the accrual of the cause of action. Assuming the cause of action arose on January 6, 1986, the State's motion to enforce the forfeiture was still filed more than two years after accrual of the cause of action.

The State argues that subsection 1(b) of NRS 11.190 governs bail bond forfeiture actions. The sureties argue that subsection 4(b) controls. The bail bond forfeiture provisions do not contain any special limitations period.

The State urges that the bond forfeiture action is essentially a contract action, not an action upon a statute. The State contends that the sections governing bail bond forfeiture, NRS 178.506-548, are merely procedural, the implication being that these sections are not substantive because they do not *create* the right to be enforced. The State distinguishes from the sections governing bail bond forfeitures other actions for forfeiture such as an action based on NRS 179.121, which provides that instrumentalities of crimes are subject to forfeiture. According to the State, rights to enforce a forfeiture under NRS 179.121 are created solely by statute. The bail forfeiture provisions, says the State, are not based solely on statute, but at least in part on a contractual obligation, namely the bond. It is the State's position that this precise question was resolved by this court in the case of State v. Murphy, 23 Nev. 390, 48 P. 628 (1897). We agree.

In *Murphy,* the district court had authorized a bail bond pending appeal in favor of a defendant *before* the defendant had appealed. *Murphy,* 23 Nev. at 401-03, 48 P. at 631. The district court entered a judgment against the bondsmen for forfeiture of the bond. *Murphy,* 23 Nev. at 396, 48 P. at 629. The bondsmen appealed, contending, *inter alia:* (1) that the forfeiture action brought by the State to enforce the bond was barred by the statute providing for a two-year period of limitations for "[a]n action upon a statute for a forfeiture or penalty to the state," and (2) that the bail bond was invalid because no statute authorized post-conviction bonds until *after* the defendant appealed. *Murphy,* 23 Nev. at 398-401, 48 P. at 629-31. This court squarely rejected the first contention, stating:

> This is an action upon an obligation founded upon an instrument in writing, and the right of action thereon is barred [*i.e.,* governed] by the six-year clause of our statute. Gen. St. Nev. § 3644.
>
> It is true that the obligation is authorized by statute, that it provides for a penalty for its violation, and the right of action arises only upon a forfeiture thereof, *yet without and apart from the written obligation, there is and could be no liability whatever on the part of the appellants.* Their liability is founded upon and fixed by the obligation and, as upon other obligations, the right of the state to sue arises under a breach thereof.

*Murphy,* 23 Nev. at 399, 48 P. at 630 (emphasis added). Because the six-year contracts period of limitations applied, the statute of limitations was no bar to the action brought by the State to enforce the forfeiture. The court ultimately ruled in favor of the bondsmen on the distinct ground that the district court had no jurisdiction to authorize any post-conviction bail bond until *after* the defendant filed an appeal. *Murphy,* 23 Nev. at 403, 48 P. at 631. *Murphy's* statements regarding the statute of limitations issue have never been questioned or overruled. Indeed, this court cited *Murphy* with approval as an example of correct construction of the statute of limitations in El Rancho, Inc. v. New York Meat and Prov., 88 Nev. 111, 493 P.2d 1318 (1972).[2] Much more recently, the Michigan Court of Appeals reached the same conclusion as the *Murphy* court in People v. Woodall, 271 N.W.2d 298 (Mich.Ct.App. 1978).

Finally, the legislature has not amended either the statute of limitations or the statutes governing forfeiture of bail bonds in any manner material to this issue since *Murphy* was decided. For these reasons, contrary to the district court, we reaffirm the reasoning of *Murphy* and hold that the six-year period of NRS 11.190(1)(b) is the statute of limitations governing actions to enforce forfeitures of bail bonds.

For the reasons stated above, we reverse the judgment of the district court and remand this case to the district court for further proceedings to enforce the bond forfeiture.

---

[2]This dicta in *El Rancho* suggests, however, that there may be two causes of action available to the state to enforce bail bonds: the forfeiture action and a subsequent contract action. Although the point is not urged in this appeal, we note in passing that this suggestion is incorrect. The statutory provisions for enforcement of bail bond forfeitures create the exclusive remedy for enforcement of these obligations. *See, e.g.,* People v. Rocco, 124 N.E.2d 25, 26 (Ill. 1955).