133 Nev., Advance Opinion 65

IN THE SUPREME COURT OF THE STATE OF NEVADA

AMY FACKLAM,
Appellant,
vs.
HSBC BANK USA, A NATIONAL
ASSOCIATION, AS TRUSTEE FOR
DEUTSCHE ALT-A SECURITIES
MORTGAGE LOAN TRUST,
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-AR2,
Respondent.

No. 70786

FILED

SEP 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a quiet title action. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

*Affirmed.*

Hafter Law and Jacob L. Hafter, Las Vegas,
for Appellant.

Houser & Allison, APC, and Mark H. Hutchings, Las Vegas, and Jeffrey S. Allison, Irvine, California,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, CHERRY, C.J.:

NRS 11.190(1)(b) provides that an aggrieved party under a contract may not commence a civil action if more than six years have

elapsed since the cause of action accrued or the moment that the aggrieved party discovers or reasonably should have discovered facts supporting a cause of action. However, a lender may also pursue a nonjudicial foreclosure available when a borrower fails to meet his or her obligation under a promissory note that is secured by a deed of trust.

Because the nonjudicial foreclosure stems from the deed of trust, which exists only because of the underlying promissory note, we are asked to apply NRS 11.190(1)(b)'s statute of limitations for contract actions to nonjudicial foreclosures. We decline to do so because statutes of limitations only apply to judicial actions, and a nonjudicial foreclosure by its very nature is not a judicial action.

## FACTS AND PROCEDURAL HISTORY

In 2006, appellant Amy Facklam entered into a home loan agreement, wherein she signed a promissory note that was secured by a deed of trust on the subject property. In 2009, Facklam defaulted on said loan and the prior mortgage servicer recorded a notice of default. The prior servicer eventually filed a rescission of its election to declare default.

In 2013, respondent HSBC became the beneficiary of the promissory note and deed of trust on Facklam's home. In 2016, after Facklam defaulted again, HSBC recorded a notice of default and election to sell the property. The notice provided, in bolded capital letters, that if Facklam failed to pay the entire debt that was due, HSBC would sell the property "without any court action."

Facklam commenced the present action to quiet title and extinguish HSBC's interest in the property. She claimed that HSBC was barred from foreclosing on the mortgaged property because the six-year limitation period began running with the initial notice of default in 2009 and, therefore, expired in 2015.

Facklam moved for summary judgment, and HSBC filed an opposition and countermotion to dismiss. The district court denied Facklam's motion for summary judgment and dismissed Facklam's complaint, finding that any potential acceleration created in 2009 was canceled when the prior servicer filed its rescission in 2011.[1]

## DISCUSSION

### Standard of review

We rigorously review orders granting NRCP 12(b)(5) motions to dismiss, presuming all alleged facts in the complaint to be true and drawing all inferences in favor of the plaintiff. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). Dismissing a complaint is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672. We review all legal conclusions de novo. *Id.*

We review a district court's order regarding summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper only if the "pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). When deciding a summary judgment motion, all evidence must be viewed in a light most favorable to the nonmoving party. *Id.*

_____

[1]Because we conclude that NRS 11.190(1)(b) does not apply to nonjudicial foreclosures, we decline to address whether a limitation period would have commenced upon filing the notice of default in 2009 or would have tolled upon rescission in 2011.

SUPREME COURT
OF
NEVADA

(O) 1947A

*Statutes of limitations apply only to judicial actions and a nonjudicial foreclosure is not a judicial action*

Facklam argues that the statute of limitations, set forth in NRS 11.190(1)(b), extinguishes HSBC's right to pursue a nonjudicial foreclosure. We disagree.

"*[A]ctions other than those for the recovery of real property* . . . may only be commenced . . . [w]ithin 6 years . . . [for] [a]n action upon a contract, obligation or liability founded upon an instrument in writing." NRS 11.190(1)(b) (emphasis added). An action is a "civil or criminal judicial proceeding." *Action, Black's Law Dictionary* (10th ed. 2014). Civil actions are commenced when a party files a complaint with a court. NRCP 3.

Home loans contain two separate parts: the promissory note and the deed of trust. *Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 512, 286 P.3d 249, 254 (2012). The deed of trust is a lien on the property to secure the debt under the promissory note. *Id.* "When the grantor defaults on the note, the deed-of-trust beneficiary can select the judicial process for foreclosure pursuant to NRS 40.430 or the "nonjudicial" foreclosure-by-trustee's sale procedure under NRS Chapter 107." *Id.* at 513, 286 P.3d at 254.

For over 150 years, this court's jurisprudence has provided that lenders are not barred from foreclosing on mortgaged property merely because the statute of limitations for contractual remedies on the note has passed.[2] *Henry v. Confidence Gold & Silver Mining Co.*, 1 Nev. 619, 621

___

[2]We have reaffirmed this rule, albeit in an unpublished order, as recently as 2016. *See, e.g., Penrose v. Quality Loan Serv. Corp.*, Docket No. 68946 (Order Affirming in Part and Vacating in Part, Apr. 15, 2016).

(1865); *see also El Ranco, Inc. v. New York Meat & Provision Co.*, 88 Nev. 111, 115-16, 493 P.2d 1318, 1321 (1972) ("This court has long recognized that separate sections of the statute of limitations can be applicable to a given business transaction."), *disagreed with on other grounds by State v. Am. Bankers Ins. Co.*, 105 Nev. 692, 696, 782 P.2d 1316, 1318 (1989). "[I]f land is mortgaged to secure the payment of a promissory note . . . after an action at law on the note is barred by the statute of limitation[s], the [beneficiary] may maintain his action of ejectment for the land mortgaged." *Henry*, 1 Nev. at 622.

In this case, HSBC chose to exercise its right to foreclose outside of the judicial arena. NRS 11.190(1)(b) does not override our long-standing precedent that a lender may recover on a deed of trust even after the statute of limitations for contractual remedies on the note has passed.

Nonjudicial foreclosure is neither a civil nor a criminal judicial proceeding. It is not commenced by filing a complaint with the court. NRS 11.190 serves only to bar judicial actions; thus, they are inapplicable to nonjudicial foreclosures. Therefore, we affirm the district court's order denying Facklam's motion for summary judgment and granting HSBC's motion to dismiss even though the district court did so for a different reason. *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").

## CONCLUSION

We conclude that NRS 11.190(1)(b) does not apply to nonjudicial foreclosures because nonjudicial foreclosures are not judicial actions and NRS 11.190 applies only to judicial actions. Accordingly, we

affirm the district court's order denying summary judgment and granting the countermotion to dismiss.

_Cherry_ , C.J.
Cherry

We concur:

_Douglas_ , J.
Douglas

_Gibbons_ , J.
Gibbons

_Pickering_ , J.
Pickering

_Hardesty_ , J.
Hardesty

_Parraguirre_ J.
Parraguirre

_Stiglich_ , J.
Stiglich