IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF MILTON I. SCHWARTZ, DECEASED.

A. JONATHAN SCHWARTZ, EXECUTOR OF THE ESTATE OF MILTON I. SCHWARTZ, Appellant/Cross-Respondent,

vs.

THE DR. MIRIAM AND SHELDON G. ADELSON EDUCATIONAL INSTITUTE, Respondent/Cross-Appellant.

IN THE MATTER OF THE ESTATE OF MILTON I. SCHWARTZ, DECEASED.

THE DR. MIRIAM AND SHELDON G. ADELSON EDUCATIONAL INSTITUTE, Appellant,

vs.

A. JONATHAN SCHWARTZ, EXECUTOR OF THE ESTATE OF MILTON I. SCHWARTZ, Respondent.

No. 78341

FILED

MAR 3 0 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 79464

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court order granting summary judgment and entering judgment after a jury verdict and from an order awarding attorney fees and costs in a will enforcement and contract matter. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

In 1989, Milton I. Schwartz donated $500,000 to the school now named the Dr. Miriam and Sheldon G. Adelson Education Institute (the School), and because of his donation, the School was originally named after him. He continued to donate additional funds to the School, and in his will left a $500,000 bequest to the School. After his death, the School was renamed. The School moved to compel distribution of the bequest, and the Estate of Milton I. Schwartz filed a petition to construe the bequest as void, for damages from breach of contract, and to recover the lifetime gifts Milton had given to the School. The district court granted the School summary judgment, concluding that any naming rights agreement Milton had with the School was an oral agreement, and thus the breach of contract claim was barred by the statute of limitations. After a jury trial, the district court denied the School's petition to compel distribution of the bequest and the Estate's petition regarding rescission of lifetime gifts. However, it granted the Estate's petition in part, concluding that the bequest was void. The district court then awarded the Estate its costs as the prevailing party.

*Docket No. 78341*

On appeal, the Estate first argues that the district court erred in granting the School's summary judgment motion regarding the statute of limitations barring the Estate's breach of contract claim. We disagree. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (explaining that this court reviews the granting of summary judgment de novo). A four-year statute of limitations applies for actions regarding a contract "not founded upon an instrument in writing." NRS 11.190(2)(c). The evidence in the record supports the district court's conclusion that Milton's naming rights agreement was an oral contract because no witness testified there was a written contract, the School's bylaws could not qualify

SUPREME COURT
OF
NEVADA

(O) 1947A

as an enforceable contract with a third party, and the only written document reflecting the agreement was unsigned by the School. *See El Ranco, Inc. v. N.Y. Meat & Provision Co.*, 88 Nev. 111, 114, 493 P.2d 1318, 1320 (1972) (explaining that "[i]n order to be founded upon an instrument in writing, the instrument must itself contain a contract (obligation or liability) to do the thing for the nonperformance of which the action is brought" (internal quotation marks omitted)), *disagreed with on other grounds by State v. Am. Bankers Ins. Co.*, 105 Nev. 692, 696 n.2, 782 P.2d 1316, 1318 n.2 (1989) .

Additionally, the district court properly found that the Estate did not bring the action within four years of being placed on inquiry notice. A plaintiff is on inquiry notice when he or she knows or should know facts that would lead an ordinary, prudent person to investigate the matter further. *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 252, 277 P.3d 458, 462 (2012). The executor of the Estate, Milton's son, A. Jonathan Schwartz, testified that he took a tour of the School in 2008 when the entrance to the campus and the middle school bore the Adelson name, and he acknowledged that the renaming of the middle school was a breach of Milton's naming rights agreement.[1] Despite this inquiry notice, the Estate did not file its action until 2013. Thus, the district court properly concluded the statute of limitations barred the Estate's breach of contract claim.

Second, the Estate contends that the district court abused its discretion by refusing to give the Estate's proposed jury instructions

---

[1]Any use of letterhead with Milton's name on it after the 2008 School tour would not alone undermine Jonathan's inquiry notice. *See Siragusa v. Brown*, 114 Nev. 1384, 1393-94, 971 P.2d 801, 807 (1998) (explaining that a plaintiff cannot be willfully ignorant or ignore pertinent facts that are reasonably accessible to them).

regarding contract modification and the implied covenant of good faith and fair dealing. The Estate failed to present evidence of a modification, as there was no evidence of consideration Milton provided to the School in 1996 when his name was placed back on the School, and even Jonathan referred to the 1996 restoration of Milton's name as a cure of a previous breach of the naming rights agreement, not as a modification. *See Ins. Co. of the W. v. Gibson Tile Co.*, 122 Nev. 455, 464, 134 P.3d 698, 703 (2006) (recognizing that modification of a contract requires additional consideration). Additionally, the Estate did not plead a breach of the covenant of good faith and fair dealing claim and the Estate does not assert that the parties tried that issue by consent. Thus, we conclude the district court did not abuse its discretion when it denied the Estate's requested jury instructions. *Wyeth v. Rowatt*, 126 Nev. 446, 464, 244 P.3d 765, 778 (2010) (explaining that this court reviews a district court's decision not to give a proposed jury instruction for an abuse of discretion).

Lastly, the Estate argues that the district court erred in denying its claim for rescission of Milton's lifetime gifts because the gifts were conditioned on the School bearing his name in perpetuity. Generally, gifts are irrevocable once accepted. *Simpson v. Harris*, 21 Nev. 353, 362, 31 P. 1009, 1011 (1893). There was no evidence that Milton conditioned each of his lifetime gifts on the School being named after him. Additionally, the Estate failed to show by clear and convincing evidence that each of the lifetime gifts were based on Milton's mistaken belief that the school would bear his name in perpetuity. *See In re Irrevocable Tr. Agreement of 1979*, 130 Nev. 597, 607, 331 P.3d 881, 888 (2014) (providing that in order to obtain relief from a gift, the donor must demonstrate that the gift was made on the donor's unilateral mistake and the donor's intent must be proven by

SUPREME COURT
OF
NEVADA

(O) 1947A

4

clear and convincing evidence). While there was evidence that Milton would not have given large donations to charities without naming rights associated with those gifts, many of the subject lifetime gifts were significantly smaller and there is no evidence he would not have made those gifts if the School was not named after him in perpetuity. Thus, we conclude the district court did not err in denying the rescission claim. *See Hannam v. Brown*, 114 Nev. 350, 357, 956 P.2d 794, 799 (1998) (providing that this court will not disturb a district court's factual findings "unless they are clearly erroneous and are not based on substantial evidence" (internal quotation marks omitted)).

*Docket No. 79464*

On cross-appeal, the School contends that the district court erred when it failed to enforce the bequest in Milton's will. "[I]t is the long accepted position of this court that the primary aim in construing the terms of a testamentary document must be to give effect, to the extent consistent with law and policy, to the intentions of the testator." *Adkins v. Oppio*, 105 Nev. 34, 36, 769 P.2d 62, 64 (1989) (internal quotation marks omitted). The record supports the jury's findings that Milton's intent was clear in that he was only providing the bequest to the School because he believed the School was named after him in perpetuity. Thus, the district court did not err in giving effect to Milton's intentions and denying the bequest to the School after the School was renamed.

The School also argues that the district court abused its discretion when it awarded the Estate its costs because the Estate was not the prevailing party and $11,160.93 of the cost award were unsupported, unreasonable, or unnecessary. While the School prevailed on defending the Estate's claim that Milton had an enforceable naming rights agreement,

because the School did not prevail on the claim it brought for distribution of the bequest and the Estate did prevail on one of the claims it brought, the district court did not err in concluding that the Estate was the prevailing party. *See Golightly & Vannah, PLLC v. TJ Allen, LLC*, 132 Nev. 416, 422, 373 P.3d 103, 107 (2016) ("A prevailing party must win on at least one of its claims."); 20 C.J.S. Costs § 12 (2019) (providing that "where each party succeeds on one or more of the causes of action, claims, or issue, a plaintiff who has obtained a judgment for a part of the relief requested is regarded as the 'prevailing party' entitled to costs").

Additionally, the record does not demonstrate that the district court abused its discretion in awarding the Estate the challenged costs. *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1352, 971 P.2d 383, 385 (1998) ("The determination of allowable costs is within the sound discretion of the trial court."); *see also Bergmann v. Boyce*, 109 Nev. 670, 680, 856 P.2d 560, 566 (1993) (explaining that a witness does not have to testify in order to recover costs associated with that witness), *superseded by statute on other grounds as recognized in In re DISH Network Derivative Litig.*, 133 Nev. 438, 451 n.6, 401 P.3d 1081, 1093 n.6 (2017). The Estate provided documentation demonstrating the costs were actually incurred. Further, the district court considered the School's challenges to the Estate's costs and actually granted many of those challenges, reducing the costs by $59,517.67. Thus, the record does not demonstrate that the district court abused its discretion in failing to further reduce the costs. *Vill. Builders 96, L.P. v. U.S. Labs., Inc.*, 121 Nev. 261, 276, 112 P.3d 1082, 1092 (2005) ("A district court's decision regarding an award of costs will not be overturned absent a finding that the district court abused its discretion.").

In sum, the district court did not err in (1) granting the School's summary judgment motion because the Estate's breach of contract claim was barred by the statute of limitations, (2) denying the Estate's claim for rescission, or (3) denying the School's request to enforce the bequest. Additionally, the district court did not abuse its discretion in failing to give the Estate's requested jury instructions or in awarding the Estate costs. Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Gloria Sturman, District Judge
      Carolyn Worrell, Settlement Judge
      Kemp Jones, LLP
      Solomon Dwiggins & Freer, Ltd.
      Lewis Roca Rothgerber Christie LLP/Las Vegas
      Eighth District Court Clerk