# BENJAMIN SPENCER, JR. *vs.* JOHN PERRY.

The statute of 1834, *c.* 101, gives power to a Justice of the Peace to continue a cause to be tried by another Justice before whom the writ was made returnable, *only on the return day of the writ.*

If a writ be returned and entered before a Justice and continued by him to a future day, he has no right to order a further continuance prior to the day appointed.

Where the Justice is not present at the time and place to which a cause has been duly continued, it operates a discontinuance of the suit.

If a Justice proceeds to render judgment in a cause and issue execution after his jurisdiction has ceased, he, is liable to an action of trespass for an arrest made by virtue of such execution.

THIS action was case, and was originally commenced before a Justice of the Peace, and came before this Court upon an agreed statement of the facts. The plaintiff was sued for a pound breach by *Horace Spencer* and others, the writ having been made returnable before the defendant, as a Justice of the Peace for the county of *Penobscot, Oct.* 15, 1836. The writ was served, and duly entered before the defendant on the return day, and continued by consent of parties to the third of *December* following, and again on that day to the thirty-first of that month. On the twentieth day of *December* the Justice was under the necessity of leaving town, and did not return until *Jan.* 5, 1837. Prior to his leaving town the Justice informed one of the attorneys of the plaintiffs in that suit, that he was under the necessity of being absent on the thirty-first of the month, and could not try the action at that time, and that he would continue it until *Jan.* 11, when he would be at home and attend to it. Two days prior to *Dec.* 31, one of the attorneys of the then defendant and present plaintiff was notified of the necessary absence of the Justice, and that it would be continued to *Jan.* 11, at which time it would be tried. No objection was then made, but on *Dec.* 31, the then defendant's attorney demanded a trial, and said he should not consent to a continuance, and claimed his costs. On being reminded of the unavoidable absence of the Justice, and that no objection was made when notice was given him, the objection was still insisted upon, and the action was continued in writing until *Jan.* 11th, by another Justice,

being one of the attorneys of the then plaintiffs. This continuance was regular, if the Justice could at this time legally cause the continuance. On *Jan.* 11, 1837, the present plaintiff and his attorney, had notice that the Justice had returned, and that the action would come on for trial agreeably to the notice and continuance. The then defendant did not appear at the time and place appointed, and the Justice proceeded to hear the witnesses for the plaintiffs in that suit, and gave judgment for the plaintiffs for $10,15, damages, and $17,50, costs. Execution issued, the present plaintiff was arrested upon it, gave the poor debtor's bond, took the poor debtor's oath, and brought this suit against the Justice to recover damages. The judgment remains wholly unsatisfied. A nonsuit or default was to be entered.

*Washburn* and *Prentiss* contended : —

1. The Justice had no right to continue the action in vacation. An adjournment improperly made, amounts to a discontinuance of the suit. 2 *Johns. R.* 192; 4 *Johns. R.* 117; 5 *Johns. R.* 353; 8 *Johns. R.* 391.

2. The attempt to continue the action by another Justice, from *Dec.* 31 to *Jan.* 11, was a void act. A different Justice has no authority under the *stat.* 1834, *c.* 101, to continue an action except at the time named in the writ for the entry of the action. Again, a Justice of the Peace who cannot try an action, cannot continue it. The supposed continuance was by the attorney of the plaintiffs, who cannot try the action. No Justice " can hear a cause commenced by himself." *Stat.* 1821, *c.* 89, § 4; 13 *Mass. R.* 341. The notice having been given after the order for a continuance, the silence of the party cannot be construed into an agreement to continue the suit.

3. The Justice, having given judgment erroneously, at a day when the cause was not legally before him, is liable. 10 *Mass. R.* 120 ; *ib.* 35; 17 *Johns. R.* 195; 19 *Johns. R.* 39; 2 *Johns. Cas.* 49; 12 *Johns. R.* 422; 15 *Johns. R.* 157; 1 *Wend.* 210. When the Justice assumed to render judgment, he had no jurisdiction of the parties; there was no action between them pending before him. Nothing is presumed in favor of the power of a Justice. 4 *Mass. R.* 641; 19 *Johns. R.* 39; 3 *Dane, c.* 75, *art.* 7, § 4.

*Wilson*, for the defendant, contended : —

That the action could not be maintained upon the broad principle of law, that no action can be maintained against any Judge, Justice of the Peace, or other judicial officer, for any official act in a judicial capacity, although illegal. The notice to the present plaintiff of the necessary and unavoidable absence of the Justice, and of the postponement of the action, with the express assent of the plaintiff in this action, is an absolute waiver of any right to object to that course, and a bar to any action against the Justice.

The adjournment by another Justice was legal and valid, although entirely unnecessary.

The opinion of the Court was by

Weston C. J. — The *stat.* 1834, *c.* 101, makes provision for the continuance of a cause by another Justice, when the Justice, before whom the cause is to be tried, by reason of sickness or some other cause, is unable to attend at the time and place appointed for trial. We think, that upon a fair construction, this is intended to be limited to the return day of the writ. Such is the obvious meaning of the statute. There could be but one continuance under it, and the same pleadings and proceedings are to be had, as if the cause had not been continued. This evidently implies, that the defendant had no opportunity to plead, by reason of the absence of the Justice.

The case finds no assent to the continuance in question by the plaintiff or his counsel. His mere silence could not confer a power, not warranted by law. The Justice not being present at the time and place, to which the cause was duly continued, operated a discontinuance of it. This is very clear upon principle and authority. The Justice had no right to order a further continuance, prior to the day appointed. It might lead to great abuse in practice ; and is authorized neither by statute, nor by the common law.

The cause being discontinued, the jurisdiction of the defendant was at an end. His subsequent proceedings were *coram non judice*, and afford him no justification. He acted under a misapprehension of his authority. We perceive no reason to impute to him any thing wilfully wrong, but he has in our opinion rendered himself liable to an action of trespass, having proceeded after his

jurisdiction had ceased. *Briggs* v. *Wardwell*, 10 *Mass. R.* 356 ;
*Butler* v. *Potter*, 17 *Johns. R.* 145.

*Defendant defaulted.*