80 467
115 102

80 467
132 605

THE STATE V. VOSS.

THE SAME V. KAHLER.

THE SAME V. BOE.

THE SAME V. TUNNA.

THE SAME V. CONERY.

Intoxicating Liquors: CONTEMPT OF INJUNCTION: SENTENCE: SUS-
PENSION OF EXECUTION. Defendants were found guilty of contempt
for violating injunctions against saloon nuisances maintained by
them, and they were each adjudged to pay a fine, and to be impris-
oned in default of such payment. The judgment in each case
contained the following condition : " The execution of this judg-
ment is to be suspended during the· pleasure of the court; but
whenever the court, or one of the judges thereof, so directs, execu-
tion and warrant of commitment are to issue." *Held* that the court
had no authority thus to suspend at pleasure the execution of
judgment for a crime committed, and that the condition was void,
and of no effect to delay execution of the sentence in either case.

*Certiorari to Clinton District Court.*

FILED, JUNE 3, 1890.

*W. A. Maginnis* and *W. L. Smith*, for plaintiff.

*P. B. Wolfe*, for defendants.

BECK, J.—I. These cases, arising upon like facts,
and involving the same principles of law, are submitted
for decision in this court together, upon one abstract.
The records of all the cases are alike. There is no dis-
pute upon the facts involved in the cases, which, briefly
stated, are these : The defendants were, by proper pro-
ceedings under the statute, enjoined from selling, unlaw-
fully, intoxicating liquors, of which they were found
guilty in the proceedings, whereby they maintained a

nuisance, which by decrees they were enjoined from maintaining. After these decrees were rendered, defendants continued to sell intoxicating liquors contrary to law, and proceedings were thereupon instituted to punish them for contempt. They continued in contempt of the injunction until after these proceedings were instituted; but, before citation for them to answer in the proceedings was served, they ceased to disobey the injunction, and quit selling intoxicating liquors, thus abating the nuisance. Upon the hearing in these proceedings the court found that defendants had violated the injunction by selling intoxicating liquors, and were in contempt, and subject to punishment therefor, and in each case entered a judgment for a fine of five hundred dollars against the defendant therein, and an order that he stand committed to the county jail for thirty days unless the fine and costs be sooner paid. The judgment contains a condition in this language: "The execution of this judgment is to be suspended during the pleasure of the court; but, whenever the court, or one of the judges thereof, so directs, execution and warrant of commitment are to issue. The clerk is to pay W. A. Maginnis and W. L. Smith, attorneys in said cases, ten per cent. of the fine paid, whenever the said fine, or any part thereof, is paid." The validity of this condition is involved in the only question arising in the case.

II. *Certiorari* is provided by statute for the review of proceedings to punish for contempt, and appeal does not lie in such cases. Code, sec. 3499.

III. The question of the case is a simple one, and demands but brief discussion. The condition of the judgment puts its execution wholly within the discretion of the court below, whether that discretion be exercised with or without justice or reason. If it be the pleasure of that court, process may never be issued upon the judgment. The case is this: We find a judgment for a fine against defendant, which can only be enforced at the pleasure of the court. The judgment is thus suspended, and the state is defeated of the remedy provided

by law, upon the exercise of the pleasure of the district court. If the power to do this exists in a case of contempt, it must exist in all cases punishable by fine and imprisonment. The law is no respecter of persons. One violator of law possesses no rights of immunities not held by another. It follows, then, that all fines and penalties prescribed by law may be collected only when it accords with the pleasure of the court in which judgment is rendered therefor. The claim of the validity of the condition of the judgment leads to the most absurd results. It is hardly necessary to say that it is based upon no statute.

IV. It is shown by a stipulation filed in the case that the defendants had, before the entry of the judgments, but after the proceedings were begun wherein they were entered, ceased to violate the law by maintaining a nuisance for the unlawful sale of intoxicating liquors. The same stipulation shows that they were guilty of contempt, and continued to violate the law and disobey the injunction of the court until after the contempt proceedings had been executed. The fact that the defendants had ceased to violate the law is urged as the ground upon which the order suspending the judgment was rightly made. It has never been understood that the reformation of a violator of the law—the turning away from crime to an honest life—will defeat punishment for past offenses. It may mitigate punishment, but will not wholly defeat it. It may be the ground of a pardon. But in this case the punishment is not mitigated, but suspended. If it be the pleasure of the court never to direct the execution, the effect of a pardon is had without the authority of the law. It is simply the case of the court arresting execution during the pleasure of the judge, without authority of the law.

V. The court, in a proper case, may arrest judgment to attain the ends of justice, but not to defeat the remedy sought by plaintiff, which is the effect of the order suspending the execution. If judgment be suspended, the action stands for disposition in the future

as provided by law. In this case the action is disposed of,—is ended by judgment; and the plaintiff's remedy is indefinitely suspended, or wholly cut off, by the order suspending execution during the pleasure of the judge of the court. The distinction between suspending judgment and suspending execution is obvious, and need not be further pointed out. Counsel for the defendants cite in support of the action of the court below the following cases: *People v. Mueller*, 15 Chi. Leg. N. 364; *Com. v. Dowdican*, 115 Mass. 136; *State v. Addy*, 43 N. J. Law, 113; *Weaver v. People*, 33 Mich. 297. These are cases wherein sentence after the verdict was suspended,—a very different thing from the suspension of execution after judgment on sentence.

In our opinion the order of the district court suspending execution is without the authority of law, and should be declared null and void.

JUDGMENT FOR PLAINTIFF.