L. C. TANNER, *Plaintiff in Error,* v. JOHN R. WIGGINS, AS SHERIFF, ETC., *Defendant in Error.*

1. Where a statute authorizes a court to punish an offense by imprisonment in the county jail, or by a fine, and a sentence is passed imprisoning the defendant for twelve months in the county jail, the court is without authority to pass a further sentence to the effect that upon the payment of fifty dollars

Tanner v. Wiggins.—Opinion of Court.

and costs the above sentence will be suspended during such time as defendant abstains from selling by himself or others any spirituous, vinous or malt liquors, &c., and such additional sentence is void, and the payment by the defendant of the $50.00 and costs affords no defense against the enforcement of the sentence of imprisonment in a *habeas corpus* proceeding.

2. The right of a trial court to suspend sentence is recognized, but it has no power to suspend the execution of a sentence already lawfully imposed, except for the purpose of giving effect to· an appeal, or where cumulative sentences are imposed, and in some cases of necessity or emergency.

3. As a general rule after a trial court has legally imposed a sentence, and the term at which it was imposed has passed the power of the trial court over such sentence is at an end, except for the purpose of its enforcement. The exclusive control of such a sentence is by our law vested in other officials.

4. Section 1, Chapter 4930, Laws of 1901, authorizing imprison· ment *or fine*, is not affected by the previously adopted section 2351 Revised Statutes of 1892, authorizing the court in such a case to impose both imprisonment and fine.

5. Where a legal sentence has been imposed and the party sentenced is in custody thereunder, a defect in the commitment or mittimus is not available in a *habeas corpus* proceeding.

This case was decided by Division B.

Writ of Error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*H. K. Olliphant,* for plaintiff in error;

*Wilson & Boswell,* for defendant in error.

HOCKER, J.—On the 29th of July, 1907, L. C. Tan-

ner, the plaintiff in error, filed his petition for a writ of *habeas corpus* in the circuit court of Polk county and presented the same to the court commissioner. The petition is as follows:

"To the Hon. J. B. Wall, judge of the circuit court for the 6th Judicial Circuit of the state of Florida:

This the petition of L. C. Tanner, of Polk county, Florida, for a writ of *habeas corpus,* and thereupon said petitioner represents unto your Honor and alleges as follows:

That on the 6th day of December, 1906, he was convicted before the county court for Polk county, Florida, of being a dealer in liquors contrary to local option in said county, and in violation of the statute in such case made and provided; that said court on said day imposed a sentence upon said petitioner, requiring him, as petitioner is advised, to be imprisoned in the county jail for said county at hard labor for a term of twelve months or to pay a fine of fifty dollars and cost of said prosecution as shown by a copy of said judgment and sentence certified to by the clerk of said court and which is hereto attached as exhibit A and made a part of this petition.

That said petitioner paid said fine of fifty dollars and said cost of said prosecution, as shown by a certificate of the clerk of said court which is hereto attached as exhibit B and made a part of this petition.

That on the 20th day of July, 1907, the prosecuting attorney for said county of Polk filed another information against this petitioner, charging him again with being a liquor dealer in said county contrary to local option and the statute as aforesaid, but this information or charge is distinct from and different from his said prosecution of last December.

That after filing the said information against petitioner in July, the said prosecuting attorney instructed

the clerk of said court to issue a commitment, and the said clerk did issue such commitment, committing petitioner to the county jail at hard labor, and the judge of said court did also issue an order for said purpose on the 23rd of July, 1907, so requiring petitioner to be placed so in jail, the said prosecuting attorney and the said judge claiming that petitioner had violated the judgment and sentence of said court made on the 6th day of December, 1906, and claiming that he should be imprisoned for a term of twelve months, etc.

That your petitioner is now in jail at hard work on the county roads of said county, and in charge of John R. Wiggins the sheriff of said county of Polk, all by reason of said commitment and order of said judge as aforesaid.

Wherefore, by reason of the premises your petitioner alleges that his said imprisonment is illegal and unlawful, and prays that your Honor shall allow to him the state's gracious writ of *habeas corpus* directed to the said J. R. Wiggins, sheriff as aforesaid, requiring him to produce the body of petitioner before your Honor, and that his said imprisonment may be inquired into, and that he may be released and discharged therefrom."

"Exhibit A.

*In County Court, December Term,* 1906.

State of Florida ⎫
    vs.  ⎬Dealing in liquors.
L. C. Tanner. ⎭

The defendant in the above cause being in open court and waiving arraignment entered a plea of guilty. Whereupon the court imposed the following sentence to-wit:

It is the sentence of the law that you, L. C. Tanner be confined in the county jail of Polk county at hard labor for the term of twelve months.

It is further ordered that on payment of fifty dollars and cost the above sentence will be suspended during such time as defendant abstains from selling by himself or others, any spirituous, vinous or malt liquors or from staying or being where any of such liquors are sold or from maintaining, keeping or being interested in any place of business or institution where any of such liquors are sold or kept. This December 6th, A. D. 1906.

STATE OF FLORIDA,
    COUNTY OF POLK.

I, A. B. Ferguson, county clerk of said county hereby certify the foregoing to be a true copy of the sentence of the court in the above stated case.

Witness my hand and seal of said court this July 29th, 1907.

A. B. FERGUSON,
County Clerk.

(Seal of Court).

EXHIBIT B.

STATE OF FLORIDA,
    POLK COUNTY.

I, A. B. Ferguson, clerk of the county court for said county do hereby certify that L. C. Tanner paid the fine and cost of the prosecution under the sentence and judgment of said court on December 6th, 1906. Witness my hand and seal of said court this 29th day of July, 1907.

A. B. FERGUSON,
County Clerk.

(Seal of Court)

The court commissioner on the said 29th day of July, 1907, in the absence of the circuit judge from Polk county granted the writ, and made it returnable before the circuit judge.

The writ of *habeas corpus* having been issued by the clerk of said court, in accordance with the order of said court commissioner, the sheriff made his return before the judge of said court in words and figures follows:

"SHERIFF'S RETURN OR ANSWER.

In the Circuit Court, Polk County, Florida.

Comes now J. R. Wiggins in answer to the——— in the cause of the detention of one L. C. Tanner, and says that he, as Sheriff of Polk county, Florida, has the said L. C. Tanner in his custody, under and by virtue of a commitment issued by A. B. Ferguson, Clerk of the county court of Polk county, Florida, a copy of said commitment being hereto attached and marked exhibit A and made a part of this answer. That he also holds the said L. C. Tanner in his custody under and by virtue of an order made and entered by the Hon. W. S. Preston, judge of the county court of Polk county, Florida, said order being hereto attached and marked Exhibit B. That said order of the judge of the county court was issued and based upon information furnished by him, the said J. R. Wiggins, sheriff of Polk county. He the said J. R. Wiggins, having raided the said place of business of the said L. C. Tanner, and found a lot of intoxicating liquors in his possession, to-wit: Nine (9) barrels of beer, Hoffine, and one (1) barrel of gin and two cases of liquors, and that the said L. C. Tanner had violated his agreement not to sell or caused to be sold, either by himself or any other, any intoxicating liquors, and was staying where and maintaining a place for the

sale of intoxicating liquors. That said raid was made
on the 20th day of July, A. D. 1907.

J. R. WIGGINS,
Sheriff of Polk County.

EXHIBIT A.

To the sheriff of said county, greeting: Whereas, L.
C. Tanner having been duly convicted in our county
court in and for said county of dealing in liquors and
judgment having been pronounced against him that he
be confined in the county jail at hard labor for a period
of twelve months all of which appears of record in said
court: Now this is to command you, the said sheriff to
take the said L. C. Tanner to the county jail and safely
keep him there until he be thence discharged by due course
of law. Given under my hand and seal this 22nd day
of July, A. D. 1907.

A. B. FERGUSON,
County Clerk.

(Seal) A true copy.
Attest: A. B. FERGUSON, County Clerk.

EXHIBIT B.

In County Court, in and for
Polk County, Florida.

State of Florida
vs.                      }Dealing in Liquors.

To the sheriff of said county, Greeting: Whereas
on the 6th day of December, A. D. 1906, the defendant
L. C. Tanner was brought into open court and entered
a plea of guilty to the charge preferred against him, and
upon the same day it was by the court ordered and ad-
judged that he be confined in the county jail at hard la-

14—Vol. 54

bor for twelve months. And whereas upon the same day it was further ordered 'that upon payment of $50.00 and cost, the above sentence will be suspended during such time as defendant abstains from selling, by himself or others, any spirituous, vinous or malt liquors, or being interested in any place of business or institution where any of such liquors are sold or kept.' Now it appearing to the court that the said defendant L. C. Tanner has violated the aforesaid conditions, and has kept and al- lowed to be kept in and about his place of business, such liquors, and has stayed where such liquors were kept, all of which violations have occurred since said 6th day of December, A. D. 1906, and the present date, you are hereby commanded to arrest him, the said L. C. Tanner, and execute upon him the foregoing sentence.

Done and ordered at Bartow, Florida, this 23rd day of July, A. D. 1907.

W. S. PRESTON,
Judge of County Court.

And the said matter being submitted to the judge of said court upon said petition, and its exhibits, and the said return or answer of the said sheriff, and its exhibits, on the 30th day of July, 1907; and after argument by counsel for the respective parties, the said judge took said matter under advisement. And on the 3rd day of August, 1907, the said judge made and rendered his de- cision in said matter in words and figures following: Upon consideration of the foregoing return, it is ordered that the writ of *habeas corpus* be dismissed, and the pe- titioner be remanded to the custody of the sheriff of Polk county. It is further ordered that upon entering into bond as provided by law in the sum of two hundred and fifty dollars, with sureties to be approved by the clerk,

that the writ of error act as a supersedeas to the judgment of the court.   August 3rd, 1907.

J. B. WALL,<br>Circuit Judge."

L. C. Tanner brings the judgment of the circuit court here for review on writ of error alleging, that the circuit judge erred in not discharging him and in remanding him to custody.

It is admitted that Tanner was convicted under Section One (1), Chapter 4930, Laws of 1901.   It reads as follows:   "Whoever sells, or causes to be sold, any spirituous, vinous, malt or other intoxicating liquors in any county or precinct which has voted against the sale of such liquors under the provisions of Chapter 8, Title 11, Division 1, Revised Statutes of the state of Florida, shall be punished, upon conviction thereof, by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars."

The contention of the plaintiff in error is that the sentence of the county court dated December 6th, 1906, which was the only sentence passed upon him, was in the alternative, and that the plaintiff in error was given the choice either to work for twelve months at hard labor, or pay a fine of $50.00 and costs; and that his compliance with either alternative would satisfy and discharge the judgment against him; and that inasmuch as he had paid the $50.00 and the costs, his subsequent arrest for an alleged violation of the conditions of the sentence of December 6th, 1906, was illegal.   Whether this is a sound contention we do not think it necessary to decide, inasmuch as we do not consider the sentence as being in the alternative.   The first paragraph of the sentence imposes unconditionally the punishment of imprisonment. The second undertakes to suspend this sentence during the good behavior of the convict, upon conditions which are entirely unauthorized by the statute.   The right of

a trial court to suspend the imposition of a sentence is recognized in Ex parte Williams, 26 Fla. 310, 8 South. Rep. 425; but the power of such a court to suspend the execution of a sentence already lawfully imposed, except for purposes of giving effect to an appeal, or where cumulative sentences are imposed, and perhaps in some cases of necessity or emergency, presents another question. It seems to us the weight of reason and authority is against the existence of such a power, especially where, as with us, exclusive control over the subject of pardons and of the commutation and mitigation of penalties is lodged by our constitution in other officials than the judges of the court.    In re Webb, 89 Wis. 354, 62 N. W. Rep. 177, 27 L. R. A. 356; Neal v. State, 104 Ga. 509, 30 S. E. Rep. 858, 42 L. R. A. 190; State v. Vose, 80 Iowa 467, 45 N. W. Rep. 898, 8 L. R. A. 767.    This attempt to suspend the execution of the sentence of imprisonment, upon conditions not authorized by law, we think, was a nullity.

The contentions that the payment of the $50.00 as a fine and the costs, satisfies one of the alternative punishments provided by the statute, and therefore satisfies the law, so as to prevent further punishment, we do not think it sound, for the reason that the judge having already lawfully imposed a sentence of imprisonment had no power to punish by a fine.    If this contention were granted we should be obliged to ignore its plain language and hold the whole sentence void, if we adhere to the doctrine announced in Ex parte Martini, 23 Fla. 343, 2 South. Rep. 689, in which it was held that a sentence in the alternative was void for uncertainty.    In the case of Ex parte Lange, 18 Wall. 163, the supreme court of the United States held that when a court has imposed a fine and imprisonment where the statute only conferred power to punish by fine *or* imprisonment, and the fine has been paid, it cannot even during the same term modify

the judgment by imposing imprisonment instead of the former sentence, and that the judgment of the court having been executed so as to be a full satisfaction of one of the alternative penalties of the law the power of the court as to that offense is at an end. It must be noted that in this case the court had the power to fine, and did actually impose the fine, and the fine was paid.

In the case at bar the court having imposed a sentence of imprisonment had exhausted its power, and had no power to impose a fine. In the case of State v. Addy, 14 Vroom 113, S. C. 39 Am. Rep. 547, cited and relied upon by the plaintiff in error, Addy was convicted of a nuisance in obstructing a culvert, and the penalty was fine or imprisonment and also condemnation to abate the nuisance. The court suspended sentence on payment of costs and abatement of the nuisance, but afterwards sentenced the party to imprisonment in jail. It was held that the abatement of the nuisance was a part of the penalty, and that in effect was the sentence in the case, and that the second sentence of imprisonment though it might have been included in the first, was illegal.

In the instant case there was no second sentence, and that part of the sentence which permitted the payment of $50.00 was illegal and void. Its payment by the plaintiff in error was virtually a voluntary payment, inasmuch as it could not have been legally enforced. United States v. Harman, 68 Fed. Rep. 472. We have been referred to no case, and we have found none, where under similar circumstances it has been held that the party convicted was entitled to be relieved from the legal requirements of a sentence because he had performed or complied with one that was illegal and void. It is suggested that under section 2351 of the Revised Statutes of 1892 the court was authorized to impose both imprisonment and a fine and that the sentence in the instant case was in effect such a sentence and was legal. That section provides

that "whenever punishment is prescribed to be fine or imprisonment in the alternative, the court may in its discretion proceed to punish by both fine and such imprisonment." We do not think this section can have the effect of adding to the punishment provided by the Act of 1901, under which the conviction in this case was had, for the latter is subsequent to the former, and is inconsistent with it. Moreover the 9th section of Chapter 4930 repeals all laws and parts of laws which are in conflict with this act, showing a clear purpose on the part of the legislature to make this act independent of repugnant laws.     1 Lewis' Sutherland Statutory Construction, §§247-256.

The order of the County Judge made on the 23rd of July, 1907, directing the arrest of the plaintiff in error because of his violation of the conditions upon which the judgment was suspended may have been irregular, but the commitment issued by the clerk is dated on the 22nd of July, and is based on the judgment sentencing the plaintiff in error to imprisonment, and this the clerk was authorized to do. We are, therefore, of opinion that the plaintiff in error is not entitled to be discharged, and that the circuit judge committed no error in remanding him to custody. The judgment of the circuit court is affirmed, at the cost of the plaintiff in error.

HOCKER, J.—Since the foregoing was rendered a petition for a rehearing has been filed suggesting that the court overlooked section 4017 General Statutes of 1906, which requires the clerk of the court in which a party is convicted and sentenced to imprisonment "to make out and deliver to the sheriff of the county or his deputy, a transcript of the minutes of the court of such conviction and sentence duly certified by such clerk which shall be sufficient authority for such sheriff to execute such sentence," etc., and that the record does not show a compliance with this section. This defect was not

specifically called to our attention upon the argument, but we do not think it is of sufficient importance to justify a rehearing. The record clearly shows that there was a legal sentence imposed by a court of competent jurisdiction, and we do not' think that under these circumstances a defect in the commitment or mittimus can be made of avail in a *habeas corpus* proceeding. Church on Habeas Corpus (2nd ed.) §375.

The petition for a hearing is, therefore, denied.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.