HAROLD DAWSON, Petitioner, v. BERRY J. SISK, Judge, Respondent.

No. 45867.

1292

JUNE 16, 1942.

Clay H. Jensen and John D. Beardsley, for petitioner.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and M. E. Rawlings, County Attorney, for respondent.

MILLER, J.— On September 21, 1938, petitioner Dawson was indicted by the grand jury of Woodbury county for maintaining a liquor nuisance. The indictment was thereafter transferred to the municipal court of Sioux City for trial. On December 29, 1938, Dawson appeared before Hon. Bernard A. Brown, a judge of said municipal court, entered a plea of guilty and the following judgment was entered by Judge Brown, to wit:

"AND Now, to-wit: this 29th day of December, 1938, defendant appears by attorney, Robert Munger; State appears by ass't. county attorney John Mulhall. Defendant pleads guilty. On recommendation of county attorney, the Court orders and decrees that defendant be fined $300.00 and costs and in default of said fine, defendant to be confined in county jail for a period of 90 days. On payment of $100.00 and costs, not later than December 31st, 1938, balance of sentence suspended during good behavior or until further order of Court. Bernard A. Brown, Judge."

The minimum sum of $100 above specified and costs amount-

ing to $7.70 were paid and on April 14, 1939, Dawson's bond was released, his sureties were exonerated, and a transcript of the proceedings was certified to the district court of Woodbury county. On October 23, 1941, without notice to anyone, the respondent Sisk, a judge of said municipal court, entered the following order:

"AND NOW, to-wit: this 23rd day of October, 1941, it is hereby ordered by the Court that the suspended portion of the sentence heretofore entered against defendant herein be and the same is hereby reinstated and a mittimus ordered issued for the enforcement of same."

On the same day Judge Sisk issued a mittimus to the sheriff of Woodbury county commanding him to take Dawson into custody.

On November 4, 1941, a petition for writ of certiorari was filed with this court, asserting that the order entered by Judge Sisk on October 23, 1941, and the mittimus issued by him pursuant thereto were illegal, in excess of his authority, and without any force and effect in law. A writ was issued and served, in response to which a return was made disclosing the facts herein set forth.

Section 3800 of the Code, 1939, provides as follows:

"The trial court before which a person has been convicted of any crime except treason, murder, rape, robbery, arson, second or subsequent violation of any provision of title VI, or of the laws amendatory thereof, may, by record entry, suspend the sentence and parole said person during good behavior:

1. If said person has not previously been convicted of a felony.

2. If said person is shown to be free from venereal disease.

3. If said person, if an adult and able to labor, has obtained apparently permanent employment for a reasonable time."

Section 3801 of the Code, 1939, provides as follows:

"When a parole is granted under section 3800, the court shall order said person committed to the custody, care, and supervision:

1. Of any suitable resident of this state; or
2. Of the board of parole."

The parties agree that the foregoing provisions of the statute were not followed. The question is the effect to be given to such failure.

In the case of State v. Voss, 80 Iowa 467, 45 N. W. 898, 8 L. R. A. 767, defendants were found guilty of contempt of injunctions against saloon nuisances and were sentenced to pay fines or be imprisoned in default of such payment, but the judgments contained the following condition:.

"The execution of this judgment is to be suspended during the pleasure of the court; but, whenever the court, or one of the judges thereof, so directs, execution and warrant of commitment are to issue."

The validity of such condition was challenged in certiorari and this court held that that part of the judgment which suspended execution was without authority of law and null and void.

In the case of Miller v. Evans, 115 Iowa 101, 102, 88 N. W. 198, 199, 56 L. R. A. 101, 91 Am. St. Rep. 143, we state:

"The right to suspend sentence after being pronounced is denied the courts of this state. State v. Voss, 80 Iowa, 467. And this seems now to be the prevailing rule. Neal v. State, 104 Ga. 509 (30 S. E. Rep. 858, 42 L.R.A. 130, 69 Am. St. Rep. 175); In re Webb, 89 Wis. 354 (62 N. W. Rep. 177, 27 L.R.A. 356, 46 Am. St. Rep. 846); State v. Murphy, 23 Nev. 390 (48 Pac. Rep. 628); In re Markuson, 5 N. D. 147 (64 N. W. Rep. 939). Contra: Weber v. State, 58 Ohio St. 616 (51 N. E. Rep. 116, 41 L.R.A. 472); Fults v. State, 2 Sneed, 232; State v. Crook, 115 N. C. [760] 763 (20 S. E. Rep. [513] 514, 29 L.R.A. 260). See, also, People v. Court of Sessions of Monroe Co., 141 N. Y. 288 (36 N. E. Rep. 386, 23 L.R.A. 856)."

In the case of State ex rel. Preston v. Hamilton, 206 Iowa 414, 415, 416, 220 N. W. 313, 314, one Wilson pleaded guilty to the charge of illegal possession of intoxicating liquor and was fined $300. The judgment contained the additional provision, " 'The foregoing judgment is suspended during good behavior, on condition that defendant pay the costs of this suit.' " The

validity of such provision was challenged on certiorari. This court pointed out that section 16 of Article IV, Constitution of Iowa, confers the power to grant reprieves, commutations and pardons, after conviction, upon the governor. Pursuant thereto, we state:

"No one but the governor, under our system of government, has the power, right, or authority to thus remit, reprieve, commute, or pardon. State v. Voss, 80 Iowa 467; Miller v. Evans, 115 Iowa 101. See, also, McKay v. Woodruff, 77 Iowa 413; Gunn v. Mahaska County, 155 Iowa 527; State ex rel. Hammond v. Hume, 193 Iowa 1395; Hall v. Wheeler, 196 Iowa 100; Ex parte United States, 242 U. S. 27."

After quoting at length from State v. Voss, supra, and Miller v. Evans, supra, we state at page 417 of 206 Iowa, page 314 of 220 N. W.:

"There was, in the case at bar, a final judgment of conviction, even though the suspension provision was added thereto. State v. Olson, 200 Iowa 660. Consequently, the trial court's action directly violated the constitutional provision, and usurped the prerogatives of the executive department of our government. Therefore, jurisdiction in the respondents was lacking, and hence the attempted 'suspension' must be, and is, a nullity. If it were otherwise, every conviction for a criminal offense could be rendered nugatory by judicial action, and resultantly the statutes against crime would become ineffective. Said obligation upon the tribunal 'to try' the derelict is no more sacred than the duty to impose 'sentence' upon conviction; and when once entered, such judgment cannot be set aside except by the governor."

The provisions of sections 3800 and 3801 of the Code, 1927, which are identical with the sections in the Code, 1939, above quoted, are set forth and we state at page 418 of 206 Iowa, page 315 of 220 N. W.:

"Manifestly, that was not the course pursued by the respondents here. Without deciding that the 'parole' statutes apply to the offense of which Wilson was convicted, we merely hold that the court below did not follow the method therein prescribed to avoid the immediate execution of the judgment."

By reason of the foregoing, it readily appears that the portion of the judgment which undertook to suspend the balance of the fine was without authority, illegal, and void. The question then arises, What authority did the court have in reference to the enforcement of that portion of the judgment that was valid? Also, how much of the judgment was enforceable?

Had the sentence been suspended in compliance with sections 3800 and 3801 of the Code, supra, the court would have had authority, under section 3805 of the Code, 1939, to revoke such suspension for cause without notice and to commit the defendant in obedience to the judgment. Pagano v. Bechly, 211 Iowa 1294, 232 N. W. 798; Bennett v. Bradley, 216 Iowa 1267, 249 N. W. 651; State v. Bufford, 231 Iowa 1000, 2 N. W. 2d 634. Under the record herein, however, both sides agree that sections 3800 and 3801 were not complied with and that the attempted suspension of the sentence was void. The power of the court, in such a situation, presents a different question and one which apparently has not been expressly determined by this court. The decisions from courts of other jurisdictions are not in harmony. It therefore becomes our duty to decide which line of authority is more persuasive, and select the same as the law of this state.

In Morgan v. Adams, 8 Cir., Kan., 226 F. 719, 720, 721, Judge Sanborn, speaking for the court, states:

"When a court, upon conviction of an accused person, sentences him to fine and imprisonment, and in the entry of the judgment, or thereafter, causes the entry of an unauthorized order suspending the sentence, or a part thereof, during the good behavior of the accused, or during any other indefinite time, is the sentence void, so that after the expiration of the term the court is without jurisdiction to issue a mittimus or other process to enforce it? The court below answered this question in the affirmative, and its decision is sustained by the opinions in United States v. Wilson (C. C.) 46 Fed. 748, Ex parte Clendenning, 22 Okl. 108, 97 Pac. 650, 653, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628, Ex parte Peterson, 19 Idaho, 433, 113 Pac. 729, 730, 35 L. R. A. (N. S.) 1067, and In re Strickler, 51 Kan. 700, 702, 33 Pac. 620. The following authorities tend to sustain a negative answer to the same question: State v. Abbott, 87 S. C. 466, 70 S. E. 6, 8, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189;

State ex rel. Buckley v. Drew, 75 N. H. 402, 74 Atl. 875; Sylvester v. State, 65 N. H. 193, 20 Atl. 954; State v. Hatley, 110 N. C. 522, 14 S. E. 751, 752; State v. Whitt, 117 N. C. 804, 23 S. E. 452, 453; Tanner v. Wiggins, 54 Fla. 203, 45 South. 459, 14 Ann. Cas. 718; Fuller v. State, 100 Miss. 811, 57 South. 806, 808, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98.

"The arguments in support of the affirmative answer are forcibly and exhaustively stated in the opinion of Judge Dunn in Ex parte Clendenning, 22 Okl. 108, 97 Pac. 650, 653, 19 L. R. A. (N.S.) 1041, 132 Am. St. Rep. 628, and those in support of the negative answer no less so in the opinion of Judge Woods in State v. Abbott, 87 S. C. 466, 70 S. E. 6, 8, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189. It is useless to repeat these arguments here. Those who are curious to examine them may find them in the opinions referred to. They have been deliberately considered, and it is sufficient to say that the conclusion forced upon our minds is that, if the order suspending such a sentence is illegal, it is so not because it is irregular or technically defective, but because it is beyond the power of the court, and it is therefore void, and the sentence stands, and is enforceable by the court at any time after its rendition, either before or after the term of the court, until the convict has suffered the penalties it imposes. Even if the order of suspension is embodied in the judgment which imposes the sentence, nevertheless the sentence is authorized and valid, while the order of suspension is unauthorized and void, and, as the latter is separable from the former, the latter falls, while the sentence stands. 'Concede,' says Judge Young in State ex rel. Buckley v. Drew, 75 N. H. 402, 74 Atl. 875, 'that the court had no authority to suspend the (defendants') sentences, and the fact still remains that it had power to impose them; and, as the two parts of the order are separate and distinct, the illegality of the last part would in no way affect the validity of the first part.' "

As pointed out by Judge Sanborn in the above quotation, the opposite doctrine is elaborately discussed by Judge Dunn in Ex parte Clendenning, 22 Okla. 108, 97 P. 650, 19 L. R. A., N. S., 1041, 132 Am. St. Rep. 628. The gist of the doctrine is stated, at page 125 of 22 Okla., page 657 of 97 P., as follows:

"The execution should have issued for the imprisonment of this defendant on the day of his conviction. His incarceration should have taken place under it. That it did not is to be regretted; but the court has no power or jurisdiction after the expiration of the time of the sentence and of the term of court when rendered to call it back and issue a commitment thereunder."

Similarly, in the case of Tuttle v. Lang, 100 Me. 123, 127, 60 A. 892, 894, the court states:

"If, after conviction and sentence, any court, whether of general or limited jurisdiction, permits the convict to go at large without a day, it can never thereafter issue a mittimus for his commitment. In such case, having completed its judicial functions, it has voluntarily surrendered all further control over the case and person. Ex parte Gordon, 1 Black, 503; In re Webb, 89 Wis. 354, 62 N. W. 177, 27 L. R. A. 356, 46 Am. St. Rep. 846; People v. Brown, 54 Mich. 15, 19 N. W. 571; State v. Voss, 80 Iowa, 467, 45 N. W. 898, 8 L. R. A. 767; People v. Barrett, 202 Ill. 287, 67 N. E. 23, 63 L. R. A. 82, 95 Am. St. Rep. 230. * * *

"The sentence takes effect and is in force the day it is pronounced, and, if the magistrate voluntarily discharges the convict from that custody without day, as was done in this case, he cannot afterwards be taken in execution—certainly not after the time named for his imprisonment has elapsed. Cases previously cited; U. S. v. Wilson (C. C.) 46 Fed. 748; In re Bloom, 53 Mich. 597, 19 N. W. 200; In re Breton, 93 Me. 39, 44 Atl. 125, 74 Am. St. Rep. 335; Spencer v. Perry, 17 Me. 413."

In the case of Gordon v. Johnson, 126 Ga. 584, 55 S. E. 489, the mayor of the city of Cordele, acting as recorder, found the accused guilty of violating a municipal ordinance, sentenced him to be confined in the chain gang for six months, or, if there be no chain gang available, to be confined at the guardhouse for 60 days, with direction, however, that he could be released upon the payment of $500. The sentence further ordered that, upon the payment of $100, the other $400 should be suspended during good behavior. The $100 was paid and the prisoner released. Subsequently, the recorder directed his rearrest and that he be put to work upon the chain gang unless he paid the additional

$400. A writ of habeas corpus was sought. The writ was denied. On appeal, the judgment was reversed, the court stating:

"The effect of the sentence, taken as a whole, was that the accused should be released from imprisonment, upon the payment of $100. He paid that amount and was rightfully released. The city recorder had no authority of law to add $400 to the fine, and provide that it should be indefinitely suspended during good behavior, but that the collection of it might be enforced by imprisonment, at the mere direction of such recorder. The charter of Cordele is quite liberal, but it confers no such authority as this. Indeed, it has been held that a judge of the superior court has no authority to suspend the execution of a sentence imposed in a criminal case, except as incident to a review of the judgment. Neal v. State, 104 Ga. 509, 30 S. E. 858, 42 L. R. A. 190, 69 Am. St. Rep. 175. The facts of this case illustrate clearly why such a proceeding cannot be upheld. The defendant had paid the amount which entitled him, under the sentence, to be set free. An additional amount of $400 as a fine was imposed, not to be collected certainly, but to be suspended 'during good behavior.' * * * The defendant may or may not have been exercising 'good behavior.' But there is no law authorizing such a proceeding, or the enforcement of the collection of the additional $400 by imprisonment."

Many other decisions, which contain language upon which the petitioner relies herein, actually decide questions not analogous to that presented by the record herein. For example, in many of the cases, after a conviction, the trial court undertook to suspend the imposition of sentence during good behavior or for some other indefinite period and it was held that, after the expiration of the term, the court had no authority to thereafter impose sentence. Such cases include the following: United States v. Wilson, Idaho, 46 F. 748; State v. Sapp, 87 Kan. 740, 125 P. 78, 42 L. R. A., N. S., 249; State v. Hilton, 151 N. C. 687, 65 S. E. 1011; People v. Barrett, 202 Ill. 287, 67 N. E. 23, 63 L. R. A. 82, 95 Am. St. Rep. 230; People v. Allen, 155 Ill. 61, 39 N. E. 568, 41 L. R. A. 473; People v. Blackburn, 6 Utah 347, 23 P. 759; In re Flint, 25 Utah 338, 71 P. 531, 95 Am. St. Rep. 853; State v. Hockett, 129 Mo. App. 639, 108 S. W. 599; Weaver v. People, 33 Mich.

296; Grundel v. People, 33 Colo. 191, 79 P. 1022, 108 Am. St. Rep. 75; Commonwealth v. Maloney, 145 Mass. 205, 13 N. E. 482. The question presented in these cases is not analogous to that herein because, under the record herein, sentence was imposed immediately after the plea of guilty. No effort was made to suspend the power of the court to impose sentence.

Other cases analogous to those last cited present the situation where, upon conviction, the court imposed a partial sentence and attempted to suspend the right to impose an additional sentence and it was determined that the court had no such power. Such cases include the following: People v. Felker, 61 Mich. 110, 27 N. W. 869; In re Beck, 63 Kan. 57, 64 P. 971; Commonwealth v. Foster, 122 Mass. 317, 23 Am. Rep. 326; Commonwealth v. Keeper of Workhouse, 6 Pa. Sup. 420; State v. Addy, 43 N.J.L. 113, 39 Am. Rep. 547.

Other cases could be cited. We do not find it necessary. The foregoing decisions are illustrative of the two lines of authority. We are disposed to adopt the rules announced by Judge Sanborn in Morgan v. Adams, supra. The contrary rule is opposed to fundamental concepts which are recognized and applied in this state. As above pointed out, sections 3800 and 3801 permit the suspension of sentences in certain cases. Section 13959 of the Code, 1939, provides for successive sentences. In State v. Van Klaveren, 208 Iowa 867, 872, 226 N. W. 81, we held that the sentence in one case might be imposed so as to begin at the expiration of imprisonment imposed by the sentence in another case. Such procedure is wholly inconsistent with the doctrine that a sentence must be executed on the date it is imposed and that the lapse of time equivalent to the extent of the sentence shall, of itself, deprive the court of power to force the defendant to serve such sentence.

The doctrine of the cases, relied upon by petitioner herein, is extensively discussed by us in Miller v. Evans, supra, and we state, 115 Iowa 101, 104, 88 N. W. 198, 199, as follows:

"We are unable to discover any reason for allowing the convict to thus profit by a delay to which he has assented, or in which he has acquiesced without objection. The time at which the sentence is to be carried out is ordinarily directory only, and forms no part of the judgment of the court. State v. Cockerham, 24

N. C. 204; 19 Enc. Pl. & Prac. p. 480; Ex parte Bell, 56 Miss. 282; Dolan's Case, 101 Mass. 219; Hollon v. Hopkins, 21 Kan. 638.''

We are in accord with the pronouncement in Friske v. Circuit Court, 51 S. D. 415, 423, 214 N. W. 812, 816, to wit:

''The original judgments being valid and never having been served, relator is now lawfully imprisoned thereunder. The stays of execution being void, the court could at any time have entered an order, if, indeed, an order was necessary, directing that certified copies of said judgments be given to the proper officer and relator taken into custody thereon. This, in substance, the court has now done. The relator, being therefore imprisoned by force of valid judgments and not by force of the orders of which he complains, is not in a position to question said orders, which at best merely cleared the record, and they will therefore be affirmed.''

Pursuant to the foregoing, the judgment herein, which is quoted in the first paragraph of this opinion, is valid, except for the last sentence thereof, which was beyond the power of the court and is void. It is separable from the rest of the judgment. The judgment will be interpreted as though that last sentence had not been added. With the judgment so interpreted, the sentence of $300 fine, or 90 days' confinement, has been only partially performed. The court had the power to issue a mittimus to require performance of the balance of the sentence. In legal effect, that is all that the orders of Judge Sisk herein complained of undertook to accomplish. Such action on his part was legal.

The writ is annulled.—Writ annulled.

All Justices concur.