### STATE v. CAMP.

Circuit Court, Dade County, Criminal Appeal.

October 1, 1954.

Jack Moore and Gerald S. Wolff, both of Miami, for appellant.

John D. Marsh, county solicitor, Glenn C. Mincer, assistant county solicitor, for appellee.

GEORGE E. HOLT, Circuit Judge.

A jury in the court of crimes convicted the appellant in this case of unlawfully having possession of moonshine whisky, he was adjudged guilty on May 13, 1954, sentenced to serve 30 days in jail and pay a fine of $250. This court affirmed the judgment and sentence on September 9, 1954. On September 23, 1954 this court entered an order staying the mandate pending disposition of appellant's motion to mitigate the punishment filed September 27, 1954.

The question before the court is—*Does the appellate court or the trial court, or either of them, have authority or power to suspend the sentence or mitigate the punishment of a defendant in a criminal case after the term of the trial court has ended?*

It is the opinion of this court that after the trial court has imposed sentence and the term has expired the power of the trial court over such sentence is at an end—and that the appellate court is without jurisdiction and powerless to usurp the duties of the trial court by suspending the sentence or making inquiry into any mitigating or aggravating circumstances which would have a tendency to decrease or increase the punishment.

Section 921.13, Florida Statutes 1953, provides that when the trial court has discretion as to the penalty to be inflicted on the defendant it has authority to hear evidence and inquire into any mitigating or aggravating circumstances.

Section 948.01 provides that the trial courts of this state in criminal cases (except for an offense punishable by death or life imprisonment) may determine the question of the probation of a defendant and may refer a case to the parole commission for investigation and inquiry into the circumstances of the offense, the criminal record, social history and present condition of a defendant, and for its recommendation. The authority therein granted a trial court should be exercised in an orderly manner after a defendant has been found guilty upon verdict or plea and before he is sentenced—and during the *same* term of court, unless continued from term to term for good and sufficient reasons shown by the minutes. There must be an end to litigation, and neither the appellate nor the trial court can be expected to retain jurisdiction of a criminal

case indefinitely—thereby usurping the powers of the parole commission (or the pardoning board) of this state.

In Tanner v. Wiggins, 45 So. 459, our Supreme Court said—

> The right of a trial court to suspend the imposition of a sentence is recognized in Ex parte Williams, 26 Fla. 310, 8 South. 425; but the power of such a court to suspend the execution of a sentence already lawfully imposed, except for purposes of giving effect to an appeal, or where cumulative sentences are imposed, and perhaps in some cases of necessity or emergency, presents another question. It seems to us the weight of reason and authority is against the existence of such a power, especially where, as with us, exclusive control over the subject of pardons and of commutation and mitigation of penalties is lodged by our Constitution in other officials than the judges of the courts. In re Webb, 89 Wis. 354, 62 N.W. 177, 27 L.R.A. 356, 46 Am. St. Rep. 846; Neal v. State, 104 Ga. 509, 30 S.E. 858, 42 L.R.A. 190, 69 Am. St. Rep. 175; State v. Voss, 80 Iowa, 467, 45 N.W. 898, 8 L.R.A. 767. This attempt to suspend the execution of the sentence of imprisonment, upon conditions not authorized by law, we think, was a nullity.

As a general rule, after a trial court has legally imposed a sentence and the term at which it was imposed has passed, its power over such sentence is at an end, except for the purpose of enforcement. See Tucker v. State (Fla.), 131 So. 328; also see 14 Annotated Cases 718.

Chapter 11975, Laws of Florida, Acts of 1927, section 6 provides that there shall be six terms of the court of crimes held each year, commencing on the second Monday in January, March, May, July, September and November. It is clear that inasmuch as the appellant here was sentenced on May 13, 1954 the trial court lost jurisdiction on the second Monday in July 1954. So long as the judgment and sentence of the trial court remain affirmed both the trial court and this court are powerless to suspend the sentence or enter an order mitigating or changing it in any manner, shape or form.

Appellant's motion to mitigate the punishment is denied, the judgment and sentence of the lower court is re-affirmed, this court's order of September 23, 1954 staying the mandate is dissolved. The clerk of the court is directed to issue a mandate forthwith.